No. 82-285

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

THE BOARD OF COUNTY COMMISSIONERS
OF RAVALLI COUNTY, MONTANA,

Petitioner,

vs.

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT, et al.,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Robert Brown, County Attorney, Hamilton, Montana

For Respondents:

John W.Robinson, Hamilton, Montana
Koch, McKenna & Goheen, Hamilton, Montana

---

Submitted: January 7, 1983

Decided: February 24, 1983

Filed: FEB 24 1983

*Ethel M. Harrison*

—Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This action is before this Court on a writ of review by the Ravalli County commissioners. The commissioners were held in contempt by the District Court of the Fourth Judicial District for violating an order issued in a civil action entitled Delbert Carter, et al. v. Arthur J. Hoiland, et al., number DV-79-430, filed in Ravalli County.

The source of these proceedings is a dedicated road right-of-way in Mountain View Orchards described as a fifty-foot strip of land running east and west between Blocks 7 and 10, Mountain View Orchards, Section 14, Township 7 North, Range 20 West. On July 30, 1979, fifteen landowners filed a petition to vacate the right-of-way with the Ravalli County commissioners. The petition asked that the dedicated, but not yet opened road, be abandoned. On August 7, 1979, thirteen landowners filed a petition for removal of road obstructions. The petition asked the dedicated right-of-way be opened and that a road be constructed in accordance with the original plat.

On August 9, 1979, the minutes of the commissioners' meeting reflect the two petitions were discussed and the commissioners decided not to take action on either petition, concluding they were in direct contrast with each other. On September 10, 1979, the commissioners issued a memorandum again stating they were not going to act on either petition.

On November 7, 1979, the Carters filed a complaint in District Court seeking to enjoin any obstruction of the use of the above-mentioned dedicated right-of-way. Defendants in the action appear to be individuals who own land near or adjacent to the right-of-way. All parties moved for summary judgment and on June 12, 1981, the District Court granted defendants' motion for summary judgment. Defendants then filed a motion in aid of judgment seeking clarification of the District Court's order. On August 13, 1981, the District Court issued a second order

granting the commissioners authority to do one of two things: retain the subject land in trust for the public, or return the land to the grantors. The District Court further ordered that the commissioners did not have discretion to "do any other things, including opening the land."

On October 30, 1981, the commissioners issued an order pursuant to the order of the District Court granting defendants' motion for summary judgment entered June 12, 1981. The commissioners' order stated: the dedicated roadway had been inspected by Commissioners Frank Williams and County Surveyor Larry Higginbotham and the report of the inspection was filed on June 29, 1981; notice was given to the adjoining landowners by certified mail and to the public by publication; and, a public hearing on the petitions was held on August 4, 1981. The commissioners entered findings of fact and conclusions of law and ordered: the petition for vacation of the roadway is denied; any encroachments that interfere with the unencumbered use of the lands by the general public be removed; any use of the premises shall be nonexlusive and shall not interfere with the use by any other person; and the property shall be held in trust for the public by the Board of County Commissioners for future development for the benefit of the general public.

On November 19, 1981, defendants moved the District Court for a contempt order against the commissioners. On June 25, 1982, the District Court issued an order holding the commissioners in civil contempt for failure to abide by the District Court's orders of June 12 and August 13, 1981. The District Court fined the commissioners $300 and ordered them to pay attorney fees for the contempt proceeding. The order gave the commissioners opportunity to purge themselves of the contempt citation by revoking the October 30, 1981, order within thirty days. On August 3, 1982, the commissioners filed a petition for writ of review in this Court.

The petition raises five issues for review:

1. Whether the District Court had jurisdiction over the petitioners;

2. Whether the District Court had jurisdiction over the subject matter of the petitioners' jurisdictional powers and title to the roadway;

3. Whether the District Court can limit statutory powers of elected officials without giving the elected officials the opportunity to appear and offer testimony;

4. Whether the petitioners can be held in contempt without an evidentiary hearing;

5. Whether attorney fees can be granted in a contempt proceeding in addition to the penalty imposed.

We find issue number two to be dispositive. The commissioners contend the District Court did not have subject matter jurisdiction to enter an order which in effect abandoned the roadway. Here, the dedicated roadway was included in the original plat of Mountain View Orchards filed in 1908. The relevant statute in effect at the time of dedication was section 1337, Revised Codes of Montana 1907. The section states in pertinent part:

> "All highways, roads, streets, alleys, . . .
> laid out . . . by the public . . ., or if laid
> out or erected by others, dedicated or aban-
> doned to the public, . . . are public
> highways."

In Bailey v. Ravalli County (1982), ____ Mont. ____, 653 P.2d 139, 39 St.Rep. 2010, this Court held a similar dedicated roadway created a public roadway or highway at the time of dedication. Section 7-14-2615, MCA, states:

> "(1) All county roads once established must
> continue to be county roads until abandoned or
> vacated by:
>
> "(a) operation of law;
>
> "(b) judgment of a court of competent
> jurisdiction; or
>
> "(c) the order of the board.
>
> "(2) No order to abandon any county road
> shall be valid unless preceded by notice and
> public hearing."

- 4 -

The District Court argues it had jurisdiction to abandon the road via section 7-14-2615(1)(b), MCA, because it is a court of competent jurisdiction. However, section 7-14-2601, et seq., MCA, establishes the procedure to abandon a road. The statutory procedure requires the filing of a petition by ten freeholders with the Board of County Commissioners; investigation by the Board; decision; and notice to the adjoining landowners.

Here, there were two petitions filed. One to open the road and one to abandon the road. At the commissioners' meeting the minutes reflect the decision of the commissioners was to not act on either petition. At this point the Carters filed a civil action in District Court seeking to enjoin obstruction of the road. However, the District Court granted defendants' motion for summary judgment and ordered the commissioners to do one of two things: "1. Retain the subject land in trust for the public; 2. Return the land to the grantors. The Commissioners do not have discretion to do any other things, including opening the land."

The effect of the District Court's order was to abandon the road whereas the initial cause of action was injunction. As explained above, the procedure for abandoning a road is to petition the Board of Commissioners. The District Court does not have original jurisdiction to entertain the petition. Should petitioners or respondents be unsatisfied with the decision of the commissioners, they could then petition the District Court for a writ of review pursuant to section 27-25-102, MCA:

> "A writ of review may be granted by: (2) the supreme court or the district court or any judge thereof, when an . . . board . . . has exceeded the jurisdiction of such . . . board . . . and there is no appeal or, in the judgment of the court, any plain speedy, and adequate remedy."

Upon a writ of review the District Court would become a court of competent jurisdiction.

We find this to be the only method for the District Court to obtain jurisdiction to abandon a road. Here, this procedure was

- 5 -

not followed. As the proper procedure was not followed, the District Court did not have jurisdiction to order abandonment of the road. The commissioners claim they cannot be held in contempt for violating an order which exceeded the District Court's jurisdiction. We agree. A party cannot be held in contempt for disobeying an order which the court had no authority to make. Phillips v. Loberg (1980), _ _ Mont. _ _ _, 607 P.2d 561, 564, 37 St.Rep. 401.

Because the District Court exceeded its jurisdiction by ordering the road abandoned, it had no authority to hold the commissioners in contempt for violating the order. Therefore, the order holding the commissioners in contempt is vacated.

Justice

We concur:

Justices

Mr. Justice John C. Sheehy dissents and will file a written dissent later.

- 6 -

Mr. Justice John C. Sheehy, dissenting:

I dissent.  The Board of County Commissioners of Ravalli County are in contempt of the presiding judge and of the District Court of the Fourth Judicial District of the State of Montana for the County of Ravalli, and this Court should uphold the right of that District Court to protect its process and proceedings from obstruction and disruption by the contemnors.

In the underlying suit to determine whether a roadway existed, the District Court had concluded that a roadway had indeed been dedicated to the public use; that since the time of its dedication, no use as a roadway had occurred; that by its lack of use for more than 70 years, the public had abandoned any right to have the dedicated stip used as a roadway; and because of the absolute waiver that had so occurred the county commissioners could either (1) continue to hold the land in public trust, or (2) vacate the roadway.

The board of county commissioners violated, obstructed and disrupted the proceedings and decision of the District Court in the underlying cause by adopting a resolution contra to the order of the court, and in effect countermanding the decree of the court that the landowners had no right to a roadway.

It is true that the Board of County Commissioners were not parties to the action in which the court made its decision.  What the majority forgets, however, is that an action for contempt is a separate cause of action.  Contempt proceedings are entirely independent of the civil action for which they arise.  McPartlin v. Fransen (1978), 178 Mont. 178, 582 P.2d 1255.  The power of the District Court reaches

7

to any person or officer who is in contempt of the authority of the court by misbehavior in office or by any other unlawful interference with the process or proceedings of a court. Section 3-1-501, MCA.

Here the District Court, after hearing, determined that the commissioners were in fact in contempt of the court's authority and levied a punishment of $300 on each and attorney's fees, which punishment they could purge by vacating the contemptuous order which they had made. The majority fails to note in is statement of facts that one of the commissioners who signed the contemptuous order was Hugh G. Cumming, a nearby landowner who would benefit from the County Commissioners' order that the roadway be maintained. I can think of no more contemptuous situation than to have a public officer for his personal benefit use the power of his office to flaunt a lawful decision of the District Court.

This Court's decision leaves the respondents in a legal no-man's land. They have a judgment from the Fourth Judicial District Court that there has been a waiver by the public of any right to use the strip of land as a roadway. They have a Board of County Commissioners' subsequent order which has the effect of establishing the roadway. It is small wonder that taxpayers and litigants are perplexed by decisions of the courts that in the guise of reasoned approaches can sanctify two exactly divergent results.

_____
John C. Sheehy
Justice