No. 01-613

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 199

H. LEROY HELLER and
NAYLOR FAMILY TRUST,

        Plaintiffs and Appellants,

    v.

EMIL J. GREMAUX, RHONDA J. GREMAUX, and
CONRAD FAMILY TRUST,

        Defendants and Respondents.

APPEAL FROM:    District Court of the Tenth Judicial District,
                    In and for the County of Fergus,
                    The Honorable E. Wayne Phillips, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Robert L. Johnson, Attorney at Law, Lewistown, Montana

        For Respondents:

                James L. Stogsdill, Attorney at Law, Lewistown, Montana

                Submitted on Briefs: February 28, 2002

                        Decided:      September   5,   2002

Filed:

_____
                      Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 H. Leroy Heller and the Naylor Family Trust ("Heller and Naylor") appeal from the June 7, 2001, Order entered by the Montana Tenth Judicial District Court, Fergus County, granting summary judgment in favor of Emil J. Gremaux, Rhonda J. Gremaux, and the Conrad Family Trust ("Gremaux and Conrad"). Heller and Naylor additionally appeal from the August 9, 2001, Order entered by the District Court denying their Rule 60(b), M.R.Civ.P., motion for relief from judgment. We affirm.

¶2 The following issue is dispositive of this appeal:

¶3 Did the District Court err in granting Gremaux and Conrad summary judgment?

BACKGROUND

¶4 The parties own real property located in Fergus County, Montana, which abuts a rural road commonly referred to as the Tony Bench Road. Ingress and egress to Heller and Naylor's real property is by use of the Tony Bench Road. Heller sought an easement of record from Gremaux and Conrad upon the road crossing their property. Gremaux and Conrad refused. Several years thereafter, Heller and Naylor filed a complaint in the District Court seeking a declarative judgment that the Tony Bench Road is a public road established by prescriptive use. On October 31, 2000, Heller and Naylor filed a motion for summary judgment maintaining that the road is a public thoroughfare established by prescription. In response, Gremaux and Conrad filed a cross-motion for summary judgment arguing that use of the road has been permissive since

2

such use was based upon neighborly accommodation. After conducting a hearing, the District Court denied the parties' motions for summary judgment determining that there were genuine issues of material fact.

¶5  On March 26, 2001, Gremaux and Conrad filed a second motion for summary judgment and a motion requesting leave to file discovery. In response to Gremaux and Conrad's motion for summary judgment, Heller and Naylor asserted that genuine issues of material fact existed regarding whether the road is a public thoroughfare established by prescription. Additionally, they asserted that the road is a public thoroughfare established by common law dedication as evidenced by a 1916 petition for the opening of a school and a 1948 petition to establish a road. Moreover, Heller and Naylor objected to the filing of discovery. The District Court issued an Order on April 3, 2001, permitting the filing of discovery. On May 2, 2001, the District Court held a summary judgment hearing. Thereafter, the court entered an Order on June 7, 2001, granting Gremaux and Conrad summary judgment concluding that the Tony Bench Road is not a public thoroughfare. Specifically, the court determined that any genuine issues of material fact regarding prescriptive use became moot when Heller and Naylor stated, in response to an interrogatory request, that they were not claiming a private easement by prescription. The court also determined that substantial evidence was presented demonstrating permissive use of the road through neighborly accommodation. The court further determined that the 1916 petition

3

for the opening of a school and the 1948 petition for a new road did not establish an offer by the road's landowners evidencing their intention to dedicate the road to the public.

¶6    Final judgment was issued by the District Court in Gremaux and Conrad's favor on June 13, 2001.   On June 26, 2001, Heller and Naylor filed post judgment motions, including a Rule 60(b), M.R.Civ.P., motion requesting relief from the court's Judgment.   On August 9, 2001, the court entered an Order denying Heller and Naylor's post judgment motions.   Heller and Naylor appeal.

STANDARD OF REVIEW

¶7    We review a district court's summary judgment ruling de novo and employ the same Rule 56, M.R.Civ.P., evaluation as applied by the district court. *See Andrews v. Plum Creek Manufacturing*, 2001 MT 94, ¶ 5, 305 Mont. 194, ¶ 5, 27 P.3d 426, ¶ 5.   Pursuant to Rule 56, M.R.Civ.P., we apply the following inquiry:

> The movant must demonstrate that no genuine issues of material fact exist.  Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist.  Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law.  We review the legal determinations made by a district court as to whether the court erred.

*Bruner v. Yellowstone County* (1995), 272 Mont. 261, 264, 900 P.2d 901, 903 (citations omitted).  We review a district court's ruling denying a motion to alter or amend its judgment pursuant to Rule 60(b), M.R.Civ.P., for an abuse of discretion.  *See Bragg v. McLaughlin*, 1999 MT 320, ¶ 11, 297 Mont. 282, ¶ 11, 993 P.2d 662, ¶ 11 (citation omitted).

4

DISCUSSION

¶8   Did the District Court err in granting Gremaux and Conrad summary judgment?

¶9   There are three ways by which a private road may become open and public, including adverse use or prescription, common law dedication by private owners, and statutory dedication by the county. *See Carbon County v. Schwend* (1984), 212 Mont. 474, 476, 688 P.2d 1251, 1252.  Heller and Naylor concede that the Tony Bench Road did not become public by statutory dedication.  Accordingly, we will first review whether the road became public by prescription.  Then, we will review whether the road became public by common law dedication.

¶10  Heller and Naylor argue that genuine issues of material fact exist in this case regarding whether the Tony Bench Road became a public road by prescriptive use, thus making summary judgment improper.  They allege that their affidavits and those of James R. Guslander and Leo Cerovski present genuine issues of material fact concerning whether use of the road was adverse.  Most notably, they assert that the affidavits provide evidence that county road crews maintained the road periodically and members of the public used the road since homestead days.  They note that gates did exist on the road, but allege that such gates were to control livestock and could be easily opened.  Additionally, Heller and Naylor contend that the District Court erred in determining that they waived or abandoned their prescription claim.

5

¶11  In response, Gremaux and Conrad maintain the Tony Bench Road is a private road.  They contend that the evidence presented establishes a lengthy history of permissive use based upon community custom and the practice of neighborly accommodation. Conversely, Gremaux and Conrad argue that the affidavits submitted by Heller and Naylor establish only  mere allegations of prescriptive use and provide no specific factual matters contradicting their evidence of the permissive nature of the road usage.

¶12  An easement by prescription is created by operation of law. *See Rettig v. Kallevig* (1997), 282 Mont. 189, 193, 936 P.2d 807, 810.  We have held that the public may acquire a prescriptive easement on a private road.  *See McCauley v. Thompson-Nistler*, 2000 MT 215, ¶ 37, 301 Mont. 81, ¶ 37, 10 P.3d 794, ¶ 37 (citations omitted).  A prescriptive easement claimant must establish that the use of the roadway was open, notorious, exclusive, adverse, continuous and uninterrupted for the complete statutory period. *See Warnack v. Coneen Family Trust* (1996), 278 Mont. 80, 83, 923 P.2d 1087, 1089.  Since 1953, the statutory period required to establish an adverse possession claim is five years pursuant to § 70-19-404, MCA.  Prior to 1953, the statutory period was ten years.  *See Warnack v. Coneen Family Trust* (1994), 266 Mont. 203, 210, 879 P.2d 715, 720.  The element of exclusivity is not required in establishing the existence of a public prescriptive easement since such an easement is used by members of the general public.  *See*

6

*Hitshew v. Butte/Silver Bow County*, 1999 MT 26, ¶ 16, 293 Mont. 212, ¶ 16, 974 P.2d 650, ¶ 16.

¶13 To be "open and notorious," the use of a claimed right in a prescriptive easement must give the landowner actual knowledge of the claimed right, or be of such a character as to raise a presumption of notice. *See Hitshew*, ¶ 17 (citation omitted). To be "continuous and uninterrupted," the use of a claimed right must not be abandoned by the user or interrupted by an act of the landowner. *See Hitshew*, ¶ 17 (citation omitted). To be "adverse," the use of the alleged easement must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the landowner, and such claim must be known to and acquiesced in by the landowner. *See Swandal Ranch Co. v. Hunt* (1996), 276 Mont. 229, 233, 915 P.2d 840, 843.

¶14 In determining whether the use of a road was adverse, we have stated that "neighborly accommodation" is a form of permissive use which, "by custom, does not require permission at every passing." *See Kessinger v. Matulevich* (1996), 278 Mont. 450, 457, 925 P.2d 864, 868 (quoting *Lemont Land Corp. v. Rogers* (1994), 269 Mont. 180, 186, 887 P.2d 724, 728). Therefore, use of a neighbor's land based upon mere neighborly accommodation or courtesy is not adverse and cannot ripen into a prescriptive easement. *See Public Lands Access Assoc., Inc. v. Boone and Crockett Club Foundation, Inc.* (1993), 259 Mont. 279, 284, 856 P.2d 525, 528 (citation omitted). The mere use of a way for the required statutory period is generally not sufficient to give rise to the presumption of a

7

grant, and "generally some circumstances or act, in addition to the use, tending to indicate that the use was not merely permissive, is required." *Public Lands*, 259 Mont. at 285, 856 P.2d at 528 (quoting *Wilson v. Chestnut* (1974), 164 Mont. 484, 491, 525 P.2d 24, 27). Additionally, "[t]he fact that the passage of a road has been for years barred by gates or other obstructions to be opened and closed by the parties passing over the land, has always been considered as strong evidence in support of a mere license to the public to pass over the designated way." *Public Lands*, 259 Mont. at 285, 856 P.2d at 528 (quoting *Maynard v. Bara* (1934), 96 Mont. 302, 307, 30 P.2d 93, 95).

¶15 Each element of a prescriptive easement claim must be proven by clear and convincing evidence. *See Wareing v. Schreckendgust* (1996), 280 Mont. 196, 206, 930 P.2d 37, 43. "All elements must be proved in a case such as this because one who has legal title should not be forced to give up what is rightfully his without the opportunity to know that his title is in jeopardy and that he can fight for it." *Public Lands*, 259 Mont. at 283, 856 P.2d at 527. After a claimant has established the elements of a prescriptive right, a presumption of adverse use arises and the burden shifts to the landowner affected by the prescriptive claim to establish that the claimant's use was permissive. *See Wareing*, 280 Mont. at 209, 930 P.2d at 45 (citations omitted). If the landowner shows permissive use, no easement can be acquired since the theory of prescriptive easement is based on adverse use. *See Public Lands*, 259 Mont. at 283-284, 856 P.2d at 527 (citation omitted).

8

¶16 Based upon the facts presented in this case, we conclude that use of the Tony Bench Road was permissive, and thus a public prescriptive easement does not exist. Although Heller and Naylor submitted four affidavits in support of their prescriptive easement claim, the affidavits provide no specific factual allegations of adverse use. Instead, the affidavits provide only evidence of mere use of the road and that county road crews periodically performed maintenance on the road. In contrast, Gremaux and Conrad submitted specific factual allegations demonstrating that use of the road was permissive based upon neighborly accommodation. Most notably, the evidence establishes that use of the road was at the pleasure of the landowners as illustrated by the landowners placement of gates, and occasional locking of those gates, at their real property boundaries. In addition, the Tony Bench Road is not identified by the Fergus County Commissioner's Roadbook as a public or county road, and county road crews have not maintained the road, except as a favor when requested to do so by a landowner. Likewise, in an earlier partition action between Gremaux and his sister, Karen Green ("Green"), a title insurance examiner found that the road did not provide public or record access. Similarly, the partition referees in that case characterized access by way of the road as "via informal, verbal, neighborly agreements and written permission." In addition, Gremaux and other landowners have been unable to obtain insurable legal access and bank financing on their parcels of real property accessed via the road because the records of Fergus County demonstrate that there is no public road or other

recorded right of access to and from these lands. Further, Heller denied Green's request for an easement upon the roadway where it crosses his property and maintained at the time of her request that the Tony Bench Road was private. Consequently, we conclude that no genuine issues of material fact exist regarding whether a public prescriptive easement was established on the Tony Bench Road. Accordingly, we hold that the District Court correctly determined that the Tony Bench Road is not a public thoroughfare established by prescription.

¶17 Heller and Naylor also assert that the Tony Bench Road became a public thoroughfare by common law dedication. They allege the District Court erred in determining that a common law dedication in Montana requires the statutory formalities pertinent to the creation of county roads. They argue that no particular formality is necessary to effect a common law dedication. Rather, any act of the landowner clearly manifesting an intent to dedicate is sufficient. They maintain that the 1916 petition to establish a school and the 1948 petition for a new road are evidence of the intent of the signers to make a common law dedication of the Tony Bench Road. Heller and Naylor note that they do not contend that either the school petition or the petition for a new road is intrinsically sufficient as a common law dedication. Instead, the petitions are evidence of the intent of the signers to make a common law dedication of the Tony Bench Road. They further contend that public use of the road for thirty eight years is sufficient to show acceptance of the earlier dedication. They assert that

the petition for the road being contemporaneous with the closing of the school raises an inference that the signers of the latter wanted an all-weather alternative route to primary and secondary schools to the West.

¶18 Gremaux and Conrad respond that Heller and Naylor presented no evidence to support their contention that a common law dedication occurred. They argue that the filing of petitions for the establishment of a school district and for the relocation of a bridge, combined with evidence of permissive use of the road, are not sufficient to invoke common law dedication. They allege it is impossible to prove what the actual intent of the school and bridge petitioners was because the petition for the establishment of a school district is nothing more and nothing less. They point out that nowhere in the petition is there any mention of dedicating the road to public use. Similarly, the petition for the relocation of a bridge dated January 3, 1948, was submitted on a form entitled "Petition For New Road." However, it is evident that the establishment of a road was not its intention. Clearly, the intention of this document was to relocate a bridge across the Judith River. In addition, per the note on the petition dated November 16, 1948, no action was ever taken in response to the petition. Furthermore, they note no evidence was submitted to show any affirmative action by the county regarding acceptance of the alleged dedication of the road.

¶19 Two elements are required to establish a common law dedication of a roadway: first, an offer by the owner evidencing an intention

11

to dedicate the roadway; and second, an acceptance by the public. *See Richter v. Rose*, 1998 MT 165, ¶ 34, 289 Mont. 379, ¶ 34, 962 P.2d 583, ¶ 34 (citation omitted). Generally, no one except the owner of an unlimited estate or an estate in fee simple, or someone expressly authorized by the owner, can make a dedication of land. *See Descheemaeker v. Anderson* (1957), 131 Mont. 322, 329, 310 P.2d 587, 591 (citation omitted). The intent of an offer to dedicate must be clear, satisfactory, and unequivocal. *See Descheemaeker*, 131 Mont. at 329, 310 P.2d at 591. Additionally, evidence of mere permissive use of a road does not prove an intention to dedicate. *See Maynard*, 96 Mont. at 307, 30 P.2d at 96 (citations omitted).

¶20 After reviewing the evidence presented in this case, we conclude that Heller and Naylor failed to present evidence which clearly and unequivocally establishes that Gremaux and Conrad's predecessors in interest intended to dedicate to the public the portion of the Tony Bench Road they privately own. We note that Heller and Naylor argue that a 1936 petition and a 1939 petition requesting construction of cattle guards establish the landowners' intent to dedicate the road. We will not consider either the 1936 or 1939 petitions since the petitions were not considered by the District Court, as they were untimely filed. Moreover, the act of signing the petitions for establishment of a school district and relocation of a bridge does not establish that the landowners intended to dedicate the road to the public. Further, the evidence demonstrates that use of the road was permissive. Therefore, we conclude that the Tony Bench Road is not a public road established

12

by common law dedication. Consequently, we hold that the District Court did not err in granting summary judgment in favor of Gremaux and Conrad.

¶21  Based upon our determination that the District Court did not err in granting Gremaux and Conrad summary judgment, we hold that the District Court did not abuse its discretion in denying Heller and Naylor's Rule 60(b), M.R.Civ.P., motion for relief from judgment.

¶22  Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA COTTER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE