FILED

11/29/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0046

DA 16-0046

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 313N

BEN McCRORIE and MYRA McCRORIE,

        Plaintiffs and Appellants,

    v.

ARLON FRANZ,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DV-14-1175D
                    Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Jennifer J. McDonald, Johnson, Berg & Saxby, PLLP, Kalispell, Montana

        For Appellee:

                Randall A. Snyder, Erika Johnson, Snyder Law Office, P.C., Bigfork, Montana

                                Submitted on Briefs:  September 28, 2016

                                      Decided:  November 29, 2016

Filed:

                          _____
                                       Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Plaintiffs Ben and Myra McCrorie filed suit to gain an easement for the use of a road crossing land owned by the Defendant, Arlon Franz. The District Court conducted a bench trial in December 2015. After the conclusion of the McCrorie's case-in-chief, Franz moved for judgment as a matter of law. The District Court granted Franz's motion, concluding that the McCrories failed to prove by clear and convincing evidence that their use of Franz's land was adverse, open, and notorious. The McCrories argue judgment as a matter of law was inappropriate because a reasonable person could have found these elements of a prescriptive easement satisfied. Alternatively, the McCrories argue that they satisfied each element of prescriptive easement before the trial when they filed their motion for summary judgment, which the District Court denied. Because we conclude the District Court did not err in awarding judgment as a matter of law after the McCrories had the opportunity to present their case, we need not address the McCrories' argument for pretrial summary judgment.

¶3 Both parties cite *Johnson v. Costco Wholesale*, 2007 MT 43, 336 Mont. 105, 152 P.3d 727, and its progeny for the standard of review in appeals from a district court's grant of judgment as a matter of law. In *Johnson*, we reviewed de novo the district

court's order granting judgment as a matter of law in a jury trial. *Johnson*, ¶ 18. Here, the McCrories appeal from judgment as a matter of law in a bench trial following the close of their case in chief. In a civil bench trial, we review a district court's findings of fact to determine whether they are supported by substantial credible evidence. *Kurtzenacker v. Davis Surveying, Inc.*, 2012 MT 105, ¶ 14, 365 Mont. 71, 278 P.3d 1002. In this context, we view the evidence in the light most favorable to the prevailing party. *Kurtzenacker*, ¶ 14. We also review a district court's conclusions of law for correctness. *Kurtzenacker*, ¶ 14.

¶4 A prescriptive easement arises by operation of law when the claimant establishes that their use of another's land was open, notorious, exclusive, adverse, continuous and uninterrupted for the five year statutory period. *Heller v. Gremaux*, 2002 MT 199, ¶ 12, 311 Mont. 178, 53 P.3d 1259; § 70-19-404, MCA. The claimant must prove each of these elements with clear and convincing evidence. *Heller*, ¶ 15. Open and notorious use requires "a distinct and positive assertion of a right hostile to the rights of the owner" that is "brought to the attention of the owner." *Combs-Demaio Living Trust v. Kilby Butte Colony, Inc.*, 2005 MT 71, ¶ 14, 326 Mont. 334, 109 P.3d 252. The use "must give the landowner actual knowledge of the claimed right, or be of such a character as to raise a presumption of notice." *Heller*, ¶ 13.

¶5 In 2006, the McCrories received a parcel of unimproved timberland near West Glacier as a gift from Martha Sloan and Jane Bolles, Myra's great aunt and grandmother. The McCrories' land was bordered to the south and east by a larger parcel owned by the Holder Trust. In 2007, Sloan and Bolles sold a parcel of land to the southwest of the

3

McCrories' land to Richard McAtee, Myra's cousin. Franz, who lives in Sidney, Montana, purchased the Holder Trust property in 2014. At some point during the current litigation, Franz also purchased McAtee's parcel, and as a result, the McCrories' property is now surrounded by Franz's property to the west, south, and east. Both the McCrories' and Franz's land is bordered to the north by a railroad corridor owned by the Burlington Northern Santa Fe Railway (BNSF). BNSF maintains a private road that runs parallel to the railroad along the southern edge of the corridor, known as Grizzly Spur Road. The only public road involved in this case, Belton Stage Road, crosses the southeast corner of Franz's property and connects to Grizzly Spur Road just beyond the northeast boundary of Franz's property.

¶6 The disputed road is a shortcut connecting Belton Stage Road to Grizzly Spur Road. The McCrories claim they and their predecessors in interest have always used the disputed road to access their property via Grizzly Spur Road, although they admit they have no legal right to use Grizzly Spur Road. Between 2008 and 2012, the McCrories built a house on their property, which was previously unimproved timberland. The McCrories used the disputed road to access their property during construction and maintained the road by clearing brush, laying gravel, and plowing snow during the winter.

¶7 Both Franz and the Holder Trust were absentee landowners. The McCrories and Bolles testified that they had never communicated with a representative of the Holder Trust. Since Franz acquired the property in 2014, the McCrories have likewise never communicated with him. Given the absentee nature of Franz's ownership, the District

4

Court concluded that the McCrories' maintenance of the road did not put Franz on notice of their use. We agree. Indeed, the McCrories presented no evidence that Franz had actual knowledge of their use of the disputed road.

¶8 Instead, the McCrories argue that McAtee was Franz's agent, and McAtee's knowledge of the McCrories' use of the disputed road should be imputed to Franz. To support their claim, Ben McCrorie testified that he believed McAtee had a business relationship with Franz and Myra McCrorie testified that she saw McAtee harvesting timber from Franz's land. The McCrories also brought in John Glader, another neighbor of Franz, who testified under cross-examination that Franz told him that McAtee was not Franz's representative. The McCrories did not put McAtee or Franz on the stand to establish the extent of their relationship. Beyond the McCrories' own speculation, they have not directed us to anything in the record supporting their claim of an agency relationship that would impute knowledge of their use of the disputed road to Franz. Viewing this testimony in the light most favorable to the prevailing party, Franz, we cannot conclude that the District Court erred in finding that the McCrories did not clearly and convincingly prove their use of the disputed road was open and notorious. Because we conclude that the District Court did not err with regard to the open and notorious element of prescriptive easement, the McCrories' claim must fail, and we need not reach the adversity element of their claim.

¶9 The McCrories also contend they made a prima facie showing of an easement by implication. An easement by implication requires unity of ownership. *Wolf v. Owens*, 2007 MT 302, ¶ 16, 340 Mont. 74, 172 P.3d 124. At trial, Myra testified that she thought

the Pete Postle homestead once encompassed both the McCrories' land and Franz's land, but she could not be certain. Further, the McCrories did not identify through the chain of title for either parcel when the two tracts were actually split. Because the McCrories did not establish unity of ownership, the District Court did not err in granting judgment as a matter of law in Franz's favor on the question of implied easement.

¶10    Finally, the McCrories argue they made a prima facie showing of an easement by estoppel. To satisfy the six elements of easement by estoppel, the McCrories would need to show that Franz misrepresented or concealed material facts. *See Kelly v. Wallace*, 1998 MT 307, ¶ 40, 292 Mont. 129, 972 P.2d 1117. The McCrories have made no such showing, so we cannot conclude the District Court erred in granting judgment for Franz on the question of easement by estoppel.

¶11    Because we conclude the District Court did not err in granting judgment to Franz on any of the McCrories' easement theories, the McCrories are not entitled to punitive damages for the destruction of the easement.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude that the McCrories have not met their burden of persuasion. We affirm.

/S/ PATRICIA COTTER

We Concur:


/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT