FILED

02/21/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0154

DA 16-0154

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 33N

LEE MCDONALD,

Plaintiff and Appellee,

v.

ERIKA ZINK,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 14-1155
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jock B. West, West Law Firm, P.C., Billings, Montana

For Appellee:

Christopher T. Sweeney, Afton E. Ball, Moulton Bellingham PC,
Billings, Montana

Submitted on Briefs: January 11, 2017

Decided: February 21, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Erika Zink (Zink) appeals from a February 9, 2016 District Court order denying her motion to set aside a default judgment. We affirm.

¶3     Lee McDonald (McDonald) sold real property to Zink in May 2003, through a contract for deed. In the contract, Zink listed her address for service of process as the real property address. In June 2013, with more than $75,000 remaining due on the contract, Zink stopped making payments. McDonald requested immediate payment; he sent notices to the address Zink provided in the contract as well as the address of her uncle's business, A-One Plumbers in Billings, Montana. Zink was not living at the address listed on the contract, nor did she update her address with McDonald or the escrow agent.

¶4     After more than one year without payment or response from Zink, McDonald brought a quiet title action in Yellowstone County on August 12, 2014. McDonald retained a local process server. He personally, and through his attorney, attempted to locate Zink. McDonald's attorney filed an affidavit claiming to have made a diligent search for all interested persons, yet was unable to locate Zink for service of process and

2

notice of the action. McDonald requested service by publication. The District Court signed an order on September 2, 2014, and publication was made. Zink did not respond.

¶5 McDonald applied for default, which was entered by the clerk on November 17, 2014. McDonald then filed a motion for a default judgment. A hearing was scheduled for December 11, 2014. Zink did not appear and the District Court granted the motion. McDonald continued to attempt to locate Zink and in June 2015 Zink replied to an email from McDonald. Zink expressed she no longer desired to be a party to the agreement or owner of the property. Zink did not express a desire to remedy the default or exert an ownership interest in the property.

¶6 One year after the default judgment was entered, on December 11, 2015, Zink filed a motion to set it aside. McDonald filed a response and Zink replied. The District Court denied Zink's motion to set aside the judgment. McDonald then moved for attorney's fees per the contract, which provided for reasonable attorney's fees to the prevailing party if litigation was necessary to enforce the contract. The District Court granted the motion.

¶7 A district court's ruling on a motion to set aside a default judgment pursuant to M. R. Civ. P. 60(b) is reviewed for abuse of discretion. *Heller v. Gremaux*, 2002 MT 199, ¶ 7, 311 Mont. 178, 53 P.3d 1259. If a district court denies a motion to set aside a default judgment, only a slight abuse of discretion need be shown to warrant reversal. *Green v. Gerber*, 2013 MT 35, ¶ 13, 369 Mont. 20, 303 P.3d 729. Where the movant sought relief on the grounds that the judgment is void, the standard of review is de novo, since the determination that a judgment is or is not void is a conclusion of law.

3

M. R. Civ. P. 60(b)(4); *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451.

¶8 Zink claims McDonald fraudulently obtained service by publication and therefore the District Court did not have jurisdiction over the case. M. R. Civ. P. 60(b) provides six exceptions to the doctrine of finality of judgments, provided the party seeking relief was wronged through no fault of her own. *Wittich Law Firm, P.C., v. O'Connell*, 2013 MT 122, ¶ 25, 370 Mont. 103, 304 P.3d 375; *In re Marriage of Hopper*, 1999 MT 310, ¶ 29, 297 Mont. 225, 991 P.2d 960. Relief can be based upon "fraud." M. R. Civ. P. 60(b)(3). Alternatively, a default judgment may be declared void under M. R. Civ. P. 60(b)(4) if the court that rendered the judgment lacked subject matter jurisdiction. *Greater Missoula Area Fed'n. of Early Childhood Educators v. Child Start, Inc.*, 2009 MT 362, ¶ 21, 353 Mont. 201, 219 P.3d 881.

¶9 The record shows and the District Court correctly concluded that Zink did not demonstrate any deficiency or fraud in the service of process. Zink failed to update her address when she moved and McDonald's attorney submitted an affidavit to justify service by publication. McDonald attempted to serve Zink numerous times through mail, a process server, his attorney, and publication. Zink provided an affidavit that documented McDonald's assertion that service of process was attempted on A-One Plumbing. The record established that McDonald did what was required to locate and serve Zink. Zink has not established that service by publication was improper. M. R. Civ. P. 4(o)(3)(A)(ii)(a)(3). The District Court had jurisdiction over the case. M. R. Civ. P. 60(b)(4).

4

¶10 Further, M. R. Civ. P. 60(b) only provides relief for a defendant who has been wronged through no fault of their own. *Wittich*, ¶ 25. Here, Zink failed to make payments on the loan. Zink failed to accept or respond to letters, notices, service of process, or publication of service for over two and a half years. Further, Zink notified McDonald by email in June 2015 that she had no further interest in the property. The District Court's denial of the motion to set aside the judgment was not an abuse of discretion. M. R. Civ. P. 60(b)(4).

¶11 Zink further argues the District Court abused its discretion when it awarded attorney's fees. If there exists a legal basis to award attorney's fees to the prevailing party, this Court reviews the district court's determination for an abuse of discretion. *Wohl v. City of Missoula*, 2013 MT 46, ¶ 29, 369 Mont. 108, 300 P.3d 1119. The contract for the sale of the real property included a clause that provided that if, in order to enforce the contract, one party is required to institute legal action, the prevailing party shall be entitled to reasonable attorney's fees. Here, Zink forced McDonald to pursue a quiet title action when she defaulted. Further, McDonald was required to defend against Zink's motion to set aside the default judgment. McDonald was the prevailing party. McDonald is entitled to reasonable attorney's fees based on the language of the contract. The District Court did not abuse its discretion.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

5

¶13    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR