FILED

07/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0465

DA 20-0465

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 172

SIEBEN RANCH COMPANY,

      Plaintiff and Appellee,

    v.

RANDALL G. ADAMS, a/k/a/ RANDY ADAMS,
a/k/a/ RAY ADAMS; and LEE McDONALD,

      Defendants and Appellants.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2019-1539
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Randall G. Adams, Self-Represented, Laughlin, Nevada

          Lee McDonald, Self-Represented, Las Vegas, Nevada

      For Appellee:

          Jesse C. Kodadek, Worden Thane P.C., Missoula, Montana

Submitted on Briefs:  June 16, 2021

Decided:   July 13, 2021

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Randall Adams and Lee McDonald (Adams and McDonald) appeal an order from the First Judicial District Court, Lewis and Clark County, granting summary judgment to Sieben Ranch Company (Sieben Ranch) regarding a road dispute, specifically Lyons Creek Road, which traverses multiple sections of property in both Township 14 North, Ranges 4 West and 5 West, and Township 15 North, Range 5 West. We affirm.

¶2 Adams and McDonald present the following issue for review:

*Did the District Court correctly grant summary judgment to Sieben Ranch, holding that Lyons Creek Road, traversing northwesterly beyond the gate installed by Sieben Ranch, was private.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Sieben Ranch owns property in northcentral Montana just south of Wolf Creek, Montana. Adjacent properties are owned by the State, Adams and McDonald, and the O'Connells. Lyons Creek Road begins at Interstate 15 in Section 28 of Township 14 North, Range 4 West, and travels northwest through Township 14 North, Range 5 West. Sieben Ranch installed a gate on Lyons Creek Road at the northwest corner of Section 19 of Township 14 North, Range 4 West and Section 13 of Township 14 North, Range 5 West. Beyond the gate, Lyons Creek Road continues northwesterly to Section 31 of Township 15 North, Range 5 West. The southeast portion of Lyons Creek Road, the portion below the Sieben Ranch gate, was designated a public highway by the county commissioners in 1923. In the 1950s, Sieben Ranch and other landowners in Township 14 North, Range 5 West

2

petitioned the county commissioners to abandon Lyons Creek Road, which was denied. A diagram depicting Lyons Creek Road, shown as a solid black line, the landowners within Townships 14 and 15 North, Range 5 West, and the location of the Sieben Ranch gate, is provided below:



*Figure 1: Appellee Sieben Ranch's Exhibit 1.  Annotations added by Sieben Ranch on appeal.*

¶4    In September 1996, Sieben Ranch entered into the Sieben-Lyons Creek Conservation Easement (Conservation Easement) with the Montana Department of Fish,

3

Wildlife, and Parks (FWP). The Conservation Easement encompasses 4,040 acres with the dual purposes to "preserve and protect in perpetuity the conservation values of the Land . . ." and to limit use to "livestock grazing and directly related agricultural land management activities, timber harvesting, and limited mineral exploration and development." It further provided to FWP, "on behalf of the public, the right of reasonable access to the Land for recreational hunting as provided . . ." during fall hunting season, from September 1 through the end of November.

¶5 Around the same time, the O'Connells entered into the O'Connell-Lyons Creek Conservation Easement (O'Connell Easement) with FWP reserving a similar-sized portion of land as the Conservation Easement. The O'Connells owned numerous sections of land that were accessible by Lyons Creek Road. In the O'Connell Easement, they reserved the right to place or construct two single-family residences and related structures, one in Section 3 and one in Section 15 of Township 14 North, Range 5 West. The O'Connell Easement also reserved the right to construct or place all utilities and an access road for the residence. The O'Connell Easement provided that new roads included roads constructed by the landowner for landowner purposes, new access roads to neighboring land, and improvements to existing roads that substantially increase their utility. The O'Connell Easement also included a stipulation that the landowner must notify FWP prior to construction of a new road or the grant of a new access use to the land. The O'Connell Easement did not reference any access rights over Sieben Ranch property.

4

¶6 Sieben Ranch allowed the public to recreate via Lyons Creek Road until early 2000 when, it asserts, the public continually disregarded the conservation and management practices entwined with the property. Sieben Ranch, thus, closed the gate on Lyons Creek Road in 2003 to all public access except for that reserved in the Conservation Easement during hunting season. Sieben Ranch, however, granted an easement to the O'Connells to use Lyons Creek Road north of the gate; permission to install their own lock on the gate; and requested the O'Connells provide it with a list of key holders. Sieben Ranch placed signs around the property and on the gate indicating Lyons Creek Road was a private road and was only accessible during hunting season. In May 2018, the O'Connells granted their successor, Brian O'Connell, and his successors and assigns, the easement they had obtained from Sieben Ranch for use of Lyons Creek Road:

> [A] permanent access road easement for ingress and egress which easement shall run through the North East Corner of Section 15, Township 14 North, Range 5 West and the North East Corner of the South Half of Section 9, Township 14 North, Range 5 West M.P.M. Road easement shall follow the existing Lyons Creek Road. The easement is to provide access to grantee and his successors and assigns access to Section 3 and 5, Township 14 North, Range 5 West M.P.M. and Section 31, Township 15 North, Range 5 West M.P.M. Said easement is to run with the land.

In August 2018, the O'Connells sold three sections, covered by the O'Connell Easement, to Adams and McDonald—Section 3 and 5 in Township 14 North, Range 5 West, and Section 31 in Township 15 North, Range 5 West. In the agreement, the O'Connells indicated they could not guarantee legal access to the parcels due to the terms of the O'Connell Easement (". . . Grantor will WARRANT and DEFEND the same from all lawful claims whatsoever, EXCEPT that Seller does not warrant *legal access to the*

5

*property* which exception is described in the parties' Agreement . . .").  (Emphasis added.)  Under the terms of the O'Connell Easement, Sections 5 and 31 were limited to logging and agricultural uses and one cabin site could be built in Section 3.  Although required by the O'Connell Easement, Adams and McDonald neglected to notify FWP within thirty days of their purchase and also conducted activities inconsistent with the terms of the O'Connell Easement, including installing a gate on Sieben Ranch property and making improvements to Sieben Ranch property without permission from Sieben Ranch or notification to FWP as required by the Conservation Easement.[1]

¶7     In November 2019, Sieben Ranch filed for declaratory and injunctive relief with the District Court asserting Adams and McDonald have no legal access over Sieben Ranch property via Lyons Creek Road, or in any other manner.  Sieben Ranch asserted it has historically granted access to Lyons Creek Road to Adams and McDonald and their predecessors as a neighborly accommodation, however, it never granted an easement to Adams and McDonald or their predecessors for the purposes of accessing Sieben Ranch property other than the stated months for hunting purposes.  In May 2020, Sieben Ranch and Adams and McDonald filed cross motions for summary judgment.  In August 2020, the District Court granted Sieben Ranch's motion for summary judgment concluding

---

[1] In 2018, Adams and McDonald were involved in a quiet title action with the owner of the North half of Section 35, Township 15 North, Range 5 West.  The issue arose because Adams and McDonald attempted to cross the landowner's property to gain access to Section 3 of Township 14 North, Range 5 West from the northeast.  The court granted quiet title to the landowner and concluded Adams and McDonald never enjoyed an express easement over and across the North half of Section 35.

Adams and McDonald have no right of access over Sieben Ranch located in Township 14 North, Range 5 West. The District Court reasoned the only exception was that Adams and McDonald could hunt on portions of Sieben Ranch consistent with the Conservation Easement.

## STANDARD OF REVIEW

¶8 We review summary judgment rulings de novo, applying the standards set forth in M. R. Civ. P. 56(c)(3). *Bird v. Cascade County*, 2016 MT 345, ¶ 9, 386 Mont. 69, 386 P.3d 602 (citing *Moe v. Butte-Silver Bow County*, 2016 MT 103, ¶ 14, 383 Mont. 297, 371 P.3d 415). Summary judgment is appropriate when the moving party demonstrates both the absence of any genuine issues of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Bird*, ¶ 9. Once the moving party has met its burden, the opposing party must present material and substantial evidence to raise a genuine issue of material fact. *Bird*, ¶ 9 (citing *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 19, 330 Mont. 48, 125 P.3d 1121). We will draw all reasonable inferences from the offered evidence in favor of the party opposing summary judgment; but conclusory statements, speculative assertions, and mere denials are insufficient to defeat a motion for summary judgment. *Bird*, ¶ 9. We review a district court's conclusions of law for correctness. *Bird*, ¶ 9.

## DISCUSSION

¶9 Before addressing the public or private status of Lyons Creek Road, Adams and McDonald have asserted the District Court did not have subject matter jurisdiction to

7

determine the portion of Lyons Creek Road traversing northwesterly was a private road. We discern their argument to be that only county commissioners can designate roads or abandon county roads. Adams and McDonald rely on *Board of Cty. Comm'rs v. District Court*, 203 Mont. 44, 659 P.2d 266 (1983) to support their argument. However, while this Court in *Board of Cty. Comm'rs* held that the district court did not have subject matter jurisdiction to abandon a road, we did not hold that determining whether a county has designated a road public or private is beyond the jurisdiction of the court. *See Board of Cty. Comm'rs*, 203 Mont. at 49, 659 P.2d at 269.

**Whether Lyons Creek Road is private or public**

¶10    In Montana, "there are three ways by which a private road may become open and public, including adverse use or prescription, common law dedication by private owners, and statutory dedication by the county." *Public Land/Water Access Ass'n v. Robbins*, 2021 MT 75, ¶ 25, 403 Mont. 491, 483 P.3d 1102 (citing *Heller v. Gremaux*, 2002 MT 199, ¶ 9, 311 Mont. 178, 53 P.3d 1259). Adams and McDonald assert the latter, that Lyons Creek Road was statutorily designated as a public highway in 1923 by the county commissioners. This Court has held:

> [T]hat under the "record taken as a whole" standard, there must be "substantial credible evidence" to support a district court's determination that a road is [or is not] public . . . . [T]he "record taken as a whole" standard allows for less than strict compliance with the statutory requirements for establishing a public road. Consequently, the determination of whether a road was created by petition requires a district court to make factual findings—that we review for clear error—and then apply the "record as a whole" legal standard to those findings—a conclusion of law that we review for correctness.

8

*Robbins*, ¶ 26 (citing *Letica Land Co., LLC v. Anaconda-Deer Lodge County*, 2015 MT 323, ¶ 16, 381 Mont. 389, 362 P.3d 614).

¶11    The District Court concluded the record, taken as a whole, indicated the public portion of Lyons Creek Road extended to the northwest corner of Section 19, Township 14 North, Range 4 West, and no further—where the Sieben Ranch gate is located.  The District Court found the evidence from a 1961 letter from the Lewis and Clark County Attorney to the county commissioners convincing.  The letter stated:

> You have requested my opinion whether the Lyons Creek road in this County is a county road and how much of the total length of that road should be so considered as a county road.

> The records in this Courthouse indicate that the Lyons Creek road is, and has been since before 1900, a county road from the junction of the former Wolf Creek-Mitchell road in the SW 1/4 of Section 28, T. 14 N., R. 4 W., *northwesterly up Lyons Creek to the Northwest corner of Section 19, T. 14 N., R. 4 W.*

> There is no record that this county road has ever been abandoned and therefore the above-described portion of the Lyons Creek road was and is a county road.

(Emphasis added.)  Adams and McDonald assert the District Court overlooked the 1923 county commissioners' journal entry discussing the depiction of Lyons Creek Road.  The 1923 journal entry stated, ". . . the road in question was an old road that had been in use for 30 year or more; that [Mr. Barnes] a few years ago took up a homestead on said Lyons Creek and had fence[d] part of the old road, but had built a new road in place of road

9

fenced . . . ." "[Mr. Herrin][2] asked that the Board accept that portion of the new road made by Mr. Barnes as a public highway and to notify Mr. Barnes that same road had been accepted by the county as a public highway . . . ." The commissioners accepted the road built by Barnes as a public highway.

¶12    The District Court did not, however, ignore the 1923 journal entry that Adams and McDonald rely upon. It noted the entry did not contain a precise description of the extent of the public portion of the road. The District Court held that, in fact, no record indicated Lyons Creek Road was public beyond Section 19 of Township 14 North, Range 4 West. While maps may assist in verifying that a road was created, "it is likewise true, however, that merely showing a route exists on a map is insufficient proof of county action to create a public road." *Robbins*, ¶ 34 (citing *Letica*, ¶¶ 22-23). Based on the record as a whole, this Court concludes the District Court did not err in its determination of what portions of Lyons Creek Road were public and private. The existence of the 1923 commissioner journal did not bind the District Court to accept that evidence. In fact, the journal entry was not definitive as to the length or extent of the public portion of the road. It was not until 1961, that the commissioners clarified, by accepting the County Attorney's letter, that Lyons Creek Road was public up until Sieben Ranch's gate in Section 19 of Township 14 North, Range 4 West. The District Court correctly concluded that Lyons Creek Road is a

---

[2] The name in the original document was difficult to discern. This annotation indicates the best approximation of his last name.

public highway up until Sieben Ranch's gate and did not err in granting summary judgment to Sieben Ranch.

**Express easements and conservation easements**

¶13    Adams and McDonald appear to contend the conservation easements created an express easement for access in their favor.  Adams and McDonald argue even if Lyons Creek Road was private, they had an express easement by virtue of the Conservation Easement which allowed them to cross Sieben Ranch property.  However, this argument fails to make appropriate distinctions between an express easement and a conservation easement.

¶14    An easement is a nonpossessory interest in land—a right which one person has to use the land of another for a specific purpose, or a servitude imposed as a burden upon the land.  *Meine v. Hren Ranches, Inc.*, 2015 MT 21, ¶ 22, 378 Mont. 100, 342 P.3d 22.  An easement may be created by an instrument in writing, by implication from necessity or existing use, by prescription, by condemnation, or by common law dedication.  *Meine*, ¶ 23.  An express easement is one which is created by an instrument in writing.  *Kuhlman v. Rivera*, 216 Mont. 353, 359, 701 P.2d 982, 985 (1985).  "A grantor may expressly reserve an easement over granted land in favor of retained land by using appropriate language in the instrument of conveyance."  *Blazer v. Wall*, 2008 MT 145, ¶ 27, 343 Mont. 173, 183 P.3d 84.  "An express easement by reservation arises when a property owner conveys part of his or her property to another, but includes language in the conveyance reserving the right to use some part of the transferred land as a right-of-way."  *Blazer*, ¶ 27.  "An

11

easement may be expressly reserved by referring in the instrument of conveyance to a recorded plat or certificate of survey on which the easement is adequately described." *Blazer*, ¶ 27.

¶15 Conversely, § 70-17-102(7), MCA, specifically allows for the creation of servitudes for conservation purposes. Conservation easements can serve conservation purposes, such as those to prevent acts detrimental to drainage, flood control, water conservation, erosion control, soil conservation, or fish and wildlife habitat and preservation. Section 76-6-203(6), MCA. Affirmative servitudes not attached to the land, such as the right "of fishing and taking game," can additionally be held or granted by FWP. Section 70-17-102(1), MCA. Section 76-6-201, MCA, provides the definition for a conservation easement, which states: "(1) Where a public body acquires . . . an interest in land less than fee, this acquisition shall be by conservation easement. (2) A conservation easement may be applied to urban or nonurban land." Conservation easements are assignable "unless the instrument of conveyance or ownership expressly stipulates otherwise . . . . The assignees must be qualified under the terms of this chapter to hold a conservation easement." Section 76-6-205, MCA. "All conservation easements, whether held by public bodies or qualifying private organizations, shall be considered to run with the land, whether or not such fact is stipulated in the instrument of conveyance or ownership." Section 76-6-209, MCA. Either the owner or occupant of the dominant estate to which the easement is attached or the public body holding the conservation easement may enforce such easement. Section 76-6-211, MCA. Title 76, Chapter 6 cannot be

12

construed to imply that any easement that does not benefit conservation is not enforceable based on other provisions of the chapter. Section 76-6-105(2), MCA. Thus, an additional easement—e.g., an express easement—can be separately enforced from the conservation easement.

¶16 The Conservation Easement granted FWP the right to enter the land included in the Conservation Easement to monitor compliance and prevent any inconsistent activity on it. It granted FWP, on behalf of the public, the right to access the property for the purpose of recreational hunting. Although O'Connell conveyed to Adams and McDonald Sections 3 and 5 of Township 14 North, Range 5 West, and Section 31 of Township 15 North, Range 5 West, O'Connell did not convey the road easement that was granted to his predecessors, Patricia O'Connell-Anderson and Ian Anderson, by Sieben Ranch. Adams and McDonald do not own any of the land burdened by the Conservation Easement nor are they the public body holding the easement. Adams and McDonald cannot enforce the Conservation Easement and their access is limited to the terms of the Conservation Easement, which is only during hunting season.

¶17 Adams and McDonald have failed to present documentary evidence of an express easement and, instead, assert that documents in Sieben Ranch's chain of title create an express easement. Adams and McDonald reference language in the 1926 Barnes deed— Sieben Ranch's predecessor—which states that Sieben Ranch took title "subject to" an easement in the public for any public road "laid out or established and now existing over any part of the property." This Court has held the words "subject to," by itself, do not

13

create an easement. *Wild River Adventures, Inc. v. Board of Trustees of Sch. Dist. No. 8*, 248 Mont. 397, 401, 812 P.2d 344, 346 (1991). Regardless of the use of the words "subject to," there is no evidence indicating an express easement was granted to Adams and McDonald, or their predecessors. The property along Lyons Creek Road deeded to Sieben Ranch's predecessor includes a section fully owned by Sieben Ranch—Section 13 of Township 14 North, Range 5 West—and a section owned by multiple independent landowners—Section 19 of Township 14 North, Range 4 West. Adams and McDonald's reliance on the language contained in the 1926 Barnes deed does not indicate the presence or need for an access easement over Sieben Ranch property on those sections of land owned by Adams and McDonald in Township 14 North, Range 5 West and Township 15 North, Range 5 West. Nor does their reliance on the 1926 Barnes deed demonstrate how the Conservation Easement granted Adams and McDonald an express easement to access Sieben Ranch's property at any time.

¶18 Based upon this record, the District Court correctly concluded Adams and McDonald did not have an express easement to access Sieben Ranch's property.

## CONCLUSION

¶19 Lyons Creek Road is a public road up to Sieben Ranch's gate located at the northwest corner of Section 19 of Township 14 North, Range 4 West, from which point it becomes a private road subject to the Conservation Easement and the road easement reserved by the O'Connells. Furthermore, Adams and McDonald do not have an express easement conveyed by the Conservation Easement for purposes of crossing Sieben Ranch

14

property via Lyons Creek Road. The District Court did not err in granting summary judgment to Sieben Ranch. We affirm.

/S/ LAURIE McKINNON

We concur:

/S/ INGRID GUSTAFSON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE