No. 03-123

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 64

ROBERT LEE,

        Plaintiff and Appellant,

    v.

MUSSELSHELL COUNTY,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and for the County of Golden Valley, Cause No. DV-01-07
The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Peter T. Stanley, Attorney at Law, Billings, Montana

        For Respondent:

            Steven R. Milch, James R. Hintz, Crowley, Haughey, Hanson, Toole & Dietrich, PLLP, Billings, Montana

Submitted on Briefs: September 25, 2003

Decided:   March 16, 2004

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Plaintiff Robert Lee (Lee) appeals the grant of summary judgment against him in his suit for trespass against Musselshell County (County).

¶2      The issues presented for review are as follows:

¶3      1.   Whether the District Court correctly found that a road designated 98Y was established as a county road.

¶4      2.   Whether the District Court correctly found Road 98Y was not abandoned as a result of a prior quiet title action.

¶5      3.   Whether the District Court erred in not awarding the County its attorney's fees.

¶6      We affirm the District Court.

## FACTS

¶7      In 1900, citizens of Yellowstone County petitioned to establish the road in question. Yellowstone County appointed viewers, posted notices, ordered a survey, declared 98Y a county road, and platted it in the Road Book.  In 1906, 98Y was re-surveyed and its coordinates corrected in the Road Book.  The parties do not dispute that the 1906 survey accurately describes the location of 98Y as it actually exists.

¶8      In 1911, Musselshell County was created out of portions of Yellowstone and Fergus counties.  Yellowstone County transferred the record of the creation of 98Y to Musselshell County.  Later, in 1920, a portion of Musselshell County was severed in the creation of Golden Valley County.  Parts of 98Y straddle the boundary between Musselshell and Golden Valley counties (the counties).

¶9      In 1952, Lee's predecessor in interest quieted title to the parts of Lee's property traversed by 98Y.  The quiet title action named Golden Valley County as a defendant as well

2

as all unknown claimants. While both were properly served with summons, neither Golden Valley County nor Musselshell County responded. The decree quieted title in the property in Lee's predecessor without mentioning any reservation for roads or other easements.

¶10 In 1999, Lee petitioned the counties to abandon 98Y. The counties held a joint public hearing on the petition and a separate joint meeting to vote on abandonment. Golden Valley County at first voted to abandon 98Y. Musselshell County voted to deny the petition. Because of the tie vote, the Golden Valley County Board of Commissioners declared that the road would remain open.

¶11 In late 2001, a Musselshell County road crew opened a fence Lee had placed across the road, installed three culverts, brought in fill, and bladed 98Y. There is no evidence that the crew ever left the path of the road. It is these acts upon which Lee's claim of trespass is based.

## STANDARD OF REVIEW

¶12 A district court's grant of summary judgment is reviewed *de novo*. *Vitullo v. IBEW Local 206*, 2003 MT 219, ¶ 9, 317 Mont. 142, ¶ 9, 75 P.3d 1250, ¶ 9.

## DISCUSSION

### Issue One

¶13 Whether the District Court correctly found that road 98Y was established as a county road.

¶14 The standard in Montana for determining the existence of a public road is whether the record, when taken as a whole, shows that a public road was created. *Reid v. Park County* (1981), 192 Mont. 231, 236, 627 P.2d 1210, 1213. This standard is limited to situations where there is concern over the ability to rely on the completeness of a record because the

3

record is extremely old. *Garrison v. Lincoln County*, 2003 MT 227, ¶ 16, 317 Mont. 190, ¶ 16, 77 P.3d 163, ¶ 16.

¶15 The record in this case contains several documents verifying the creation of 98Y including, 1) the original petition to lay out a county road, dated February 20, 1900,  2) the official appointment of viewers, 3) the notice to viewers of appointment, 4) the certification and affidavit of posting of notices, 5) the affidavit of viewers, 6) the report of viewers to the county commissioners, 7) the report of the surveyor, and 8) the official declaration creating the road.  The record also includes notes of a survey conducted in September 1906, correcting the coordinates for 98Y.  Additional support for the creation and existence of the road is found on the 1936 State Highway Department map, the 1952 Musselshell County map, and the 1980 U.S.G.S. Broadview Quadrangle, all three of which show 98Y as described by the 1906 survey, and as the road currently exists.

¶16 The thrust of Lee's argument is that §§ 2750-51 of the 1895 Political Code required that all of the procedures necessary for establishment of a road be followed if a county wanted to alter a road; including a petition, viewers, survey, etc.  Lee believes that since there are no records available for 1906 other than the corrected survey notes, it is reasonable to infer that Yellowstone County did not follow the statutory procedures.

¶17 Lee's argument does not properly take into consideration the standard set forth in *Reid*.  Lee asks for strict proof that the 1906 corrections followed statutory law.  In *Reid*, we held that strict proof is not required in cases where the desired documentation might be one hundred years old.  Rather, we require that the record taken as a whole supports the creation of a road.  *Reid*, 192 Mont. at 236, 327 P.2d at 1213.  In this case, the District Court was clearly correct in finding that the evidence presented shows that a road was properly created

4

and that its existence is accurately described by the 1906 survey notes.

## Issue Two

¶18 Whether the District Court correctly found Road 98Y was not abandoned as a result of a prior quiet title action.

¶19 Lee argues that the 1952 quiet title action is res judicata as to any claim there is a county road through his land. He asserts that *Baertsch v. County of Lewis and Clark* (1992), 256 Mont. 114, 845 P.2d 106, supports his position. Musselshell County responds with several arguments; first, that it was not a named party in the 1952 action, precluding privity of parties; second, that there can be no abandonment of a county road by implication; and third, that the District Court in 1952 had no jurisdiction to abandon 98Y.

¶20 For res judicata to lie: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; (4) the capacities of the parties must be the same in reference to the subject matter and the issues between them. *Baertsch*, 256 Mont. at 125, 845 P.2d at 112.

¶21 This Court has acknowledged that a county's right-of-way can be extinguished in a quiet title action. In *Baertsch*, four separate quiet title actions had been brought over the years to determine whether Lewis and Clark County had a 100 foot right-of-way or a lesser width. The District Court determined that two of the actions were res judicata against the county. This Court stated that the "two actions which the District Court found acted as a bar to the County's claim clearly satisfy the four criteria of res judicata." *Baertsch*, 256 Mont. at 125, 845 P.2d at 113. The question in *Baertsch* was whether the remaining two actions should also be res judicata. This Court held that the District Court was also correct in its conclusion that the four criteria for res judicata had not been met in the remaining actions;

one for lack of privity, the other for not properly joining a party to the action.

¶22 In this case, Musselshell County's first argument, that the County was not properly a party to the 1952 action, fails. The District Court found that Golden Valley and Musselshell counties were properly named and served in the 1952 action, and Lee did not contest this.

¶23 However, the issues in the present case are not the same as those adjudicated in the 1952 action. In this case, the District Court reviewed the 1952 quiet title file and found that there were no allegations made as to the nature of either county's interest in the property. The District Court also found that the quiet title action served primarily to quiet title to mineral interests. The 1952 order simply states that the plaintiff is entitled to all relief requested, is the true and lawful owner in fee simple of the property, and sets forth reservations as to mineral interests. The 1952 order further states that all defendants are barred from asserting any claim adverse to the plaintiff and *to his ownership* of the property. The District Court's findings, accompanied by those portions of the record introduced into evidence, justify the District Court's conclusion that the only things adjudicated in the 1952 action were ownership of the property and mineral rights. We have nothing from which to draw a conclusion that the County's right-of-way interest in 98Y was adjudicated in the quiet title action.

¶24 In the present case, there is no dispute over Lee's ownership of the property over which 98Y traverses, and we have already determined, in resolving Issue One, that a statutory dedication established 98Y in 1900. We have previously held that the interest a county acquires in a statutory dedication of a roadway, is the "equivalent of a right-of-way

6

deed . . . and incidents necessary to enjoying and maintaining the public highway." *Bailey v. Ravalli County* (1982), 201 Mont. 138, 143, 653 P.2d 139, 142. It is, in effect, an easement for road purposes. It is not a fee simple transfer. *Bailey*, 201 Mont. at 146, 653 P.2d at 143. Thus, we conclude that the County's right-of-way interest in 98Y does not divest Lee of title to the property traversed by the road. *See Jefferson County v. McCauley Ranches*, 1999 MT 333, ¶ 19, 297 Mont. 392, ¶ 19, 994 P.2d 11, ¶ 19. The doctrine of res judicata fails because the issues in the present suit are not the same as those raised in the 1952 quiet title suit.

¶25 Lee's argument that the judgment in the 1952 quiet title action extinguished the easement for 98Y also fails because a county road cannot be abandoned by implication and there is no showing that one of the issues litigated in that action was whether the County had abandoned the road. Section 7-14-2615, MCA, states:

> (1) All county roads once established must continue to be county roads until abandoned or vacated by:
> (a) operation of law;
> (b) judgment of a court of competent jurisdiction; or
> (c) the order of the Board.
> (2) An order to abandon a county road is not valid unless preceded by notice and public hearing.

¶26 We have held that a county's mere failure to respond to a quiet title action is insufficient indication of an intent to abandon a county road. *McCauley v. Thompson-Nistler*, 2000 MT 215, ¶ 34, 301 Mont. 81, ¶ 34, 10 P.3d 794, ¶ 34. County authorities must take affirmative steps to abandon a county road. *McCauley*, at ¶ 30; *see also Galassi v. Lincoln County Bd. of Comm'rs*, 2003 MT 319, ¶ 15, 318 Mont. 288, ¶ 15, 80 P.3d 84, ¶ 15. In this case, the County did not respond to a quiet title suit in which there was no known

allegation of abandonment, and in which there was no evidence presented that would support the conclusion that the County intended to abandon 98Y. Thus, the judgment in such action did not constitute a judgment abandoning or vacating the road.

¶27 Finally, the County argues that the trial court in 1952 did not have jurisdiction to effectuate an abandonment of 98Y. We again agree. In *Board of County Commissioners v. District Court* (1983), 203 Mont. 44, 659 P.2d 266, the District Court entered an order that had the effect of forcing the Board of Commissioners to abandon a road. The suit, however, was one for injunction. We held that the District Court did not have jurisdiction to abandon the road because the proper method for abandoning a road is a petition to the Board of County Commissioners. If, after submitting a petition, the petitioners were dissatisfied with the Board's decision not to abandon the road in question, it could then petition the District Court for a writ of review. We held this "to be the only method for the District Court to obtain jurisdiction to abandon a road." *Board*, 203 Mont. at 49, 659 P.2d at 269. There was no petition to abandon 98Y prior to the 1952 quiet title action. Therefore, the District Court did not have jurisdiction to issue an order that would have effectuated a forced abandonment of 98Y.

### Issue Three

¶28 Whether the District Court erred in not awarding the County its attorney's fees.

¶29 The County asks for its fees. Where there is a reasonable ground for appeal, a respondent is not entitled to recover its attorney's fees under Rule 32 M.R.App.P. *Bailey*, 201 Mont. at 147, 653 P.2d at 144. We find that Lee's decision to appeal the judgment of the District Court was not unreasonable. Therefore, the County's cross-appeal for attorney's

8

fees and costs is denied.

## CONCLUSION

¶30 Because we hold that 98Y is a county road, Musselshell County cannot have trespassed upon it. Conduct that would otherwise constitute an intentional trespass is not unlawful if it is privileged conduct pursuant to an easement. *Ducham v. Tuma* (1994), 265 Mont. 436, 441, 877 P.2d 1002, 1005.

¶31 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER
/S/ JIM RICE