JUSTICE RICE
dissenting.
¶18 I dissent.
¶19 The District Court granted Kathy’s motion to dismiss on the following grounds:
[T]he deed language contains no legally enforceable ownership rights reserved by Arden’s parents. Furthermore, the deed language contains no conditions or restrictions under which Arden’s sister, Twila, can claim an ownership interest. Accordingly, Arden’s parents and Twila have no enforceable legal ownership interests in their own right to the property. Rather the rights they seek to enforce arise solely out of Arden’s equitable interest....
This is an erroneous statement of the law in several respects.
¶20 First, the Cowans’ complaint raises a trust issue, not a property ownership issue. The absence of deed language referencing a trust is not dispositive of the issue of whether a trust was created by the parties’ actions. A trust may be created by “a transfer of property by the owner during the owner’s lifetime to another person as trustee,” § 72-33-201(2), MCA, and may also be created by “an enforceable promise to create a trust” at a future time. Sections 72-33-201(5) and 72-33-209, MCA. Thus, the question is not whether the language within a property transfer document, here a deed, references a trust, but whether there is any evidence which “manifests an intention to create a trust,” § 72-33-202, MCA, including evidence outside of the property transfer document itself. Obviously, a trust, once created, can receive various properties without the necessity of the property transfer documents reiterating the trust purpose.
¶21 Here, it is alleged in the Cowans’ complaint that discussions between the Cowans and Kathy led to an agreement to create a trust; that, pursuant to the agreement, the Cowans created a handwritten trust document and gratuitously transferred the property to Kathy; and that Kathy, also pursuant to the agreement, executed a Will and Power of Attorney in Arden’s favor. These allegations address the issue of whether a trust was properly manifested and created, and therefore, the District Court’s dismissal of the action based solely upon the language of the deed was reversible error.
¶22 Further, the District Court erred in concluding that the Cowans’ *20 interest arose “solely out of Arden’s interest.” As trustors, the Cowans have a separate and independent interest in the property. Section 72-33-216, MCA, provides that where “the owner of property gratuitously transfers it... but the trust fails, the transferee holds the trust estate as a resulting trust for the transferor ....” Here, in accordance with Judge Larson’s order in Arden and Kathy’s dissolution proceeding, which was affirmed by this Court, the trust has failed. Consequently, the Cowans’ complaint alleges that, pursuant to statute, a resulting trust has been created.
¶23 However, the Court essentially holds, in ¶ 14, that the dissolution decree is res judicata of Kathy’s ownership of the property. However, that is error. “For res judicata to lie... the parties or their privies must be the same” and “the issues must be the same ...” Lee v. Musselshell County, 2004 MT 64, ¶ 20, 320 Mont. 294, ¶ 20, 87 P.3d 423, ¶ 20. The property ownership issues as between Kathy and Arden were resolved in the dissolution proceeding, but the trust-related issues as between Kathy and the Cowans were not determined therein, and should not be avoided by a dismissal on the pleadings.
¶24 I would reverse and remand for further proceedings.
JUSTICE NELSON joins in the dissent of JUSTICE RICE.