Chief Justice Mike McGrath delivered the Opinion of the Court.
***132 ¶1 Zackary Bugli, Tracy Bugli, Wade Cox, Charlene Cox, and Violet Cox (Landowners)
*133 appeal from a Twenty-First Judicial District Court opinion and order granting Ravalli County's (County) Rule 12 Motions to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim. We affirm.
¶2 We restate the issues as follows:
1. Whether the District Court erred when it dismissed this case concluding that it lacked subject matter jurisdiction regarding Landowners' claim preclusion argument.
2. Whether the District Court was correct when it declined to address Landowners' request for declaratory judgment regarding the legal description of Hughes Creek Road.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 This is a dispute about where Hughes Creek Road (Road), a Ravalli County road created in 1900, ends and private property begins. In the 1970s, a gate was placed about nine miles up the Road from West Fork Road, preventing public access beyond the gate. In 1982, previous landowners abutting the Road filed a petition with the Ravalli County Board of County Commissioners (BOCC) to abandon the Road beyond the gate. The BOCC denied the previous landowners' petition, ordered that the gate be removed, and made a finding of fact that the Road was 11.8 miles long.
¶4 When the previous landowners failed to remove the gate, the County commenced an action against them seeking an order directing removal of the gate and a temporary restraining order. In 1984, Judge James B. Wheelis orally denied the county road supervisor's motion for ***133 a temporary restraining order. After being inactive for approximately nine years, the case was dismissed by stipulation of the parties. Jay Unrue, Road Supervisor for Ravalli Cnty. v. Royal Teton Ltd., et al. , No. DV-84-248, Or. (21st Judicial Dist. Dec. 10, 1993).
¶5 In 2016, Landowners filed a new petition with the BOCC to abandon the Road at the same spot that was proposed by previous landowners in the 1982 proceeding. Landowners are alleged successors in interest to the previous landowners and others that own property accessed by the Road. Following a hearing on January 25, 2017, the BOCC denied the petition and directed the landowners to remove the gate no later than June 1, 2017. The BOCC found that, pursuant to § 7-14-2615(3), MCA, the Road provided public access to public lands or waters, and that no other public road or right-of-way provides substantially the same access to public lands or waters.
¶6 Two and a half months later, on April 10, 2017, Landowners filed a complaint for declaratory and injunctive relief in the District Court. In their complaint, they presented four claims: (I) claim preclusion regarding removal of the gate; (II) declaratory judgment regarding the end of the Road; (III) declaratory judgment regarding the construction and application of § 7-14-2615(3), MCA ; and (IV) unconstitutional taking of private property. On June 29, 2017, the District Court dismissed Landowners' complaint for lack of subject matter jurisdiction and for failure to state a claim. They appeal the decision regarding claims I and II.[1]
STANDARD OF REVIEW
¶7 A district court's decision to grant or deny a motion to dismiss for lack of subject matter jurisdiction is a question of law that we review for correctness. Rimrock Chrysler, Inc. v. DOJ , 2016 MT 165, ¶ 10, 384 Mont. 76, 375 P.3d 392. We review a district court's conclusions of law de novo. Giambra v. Kelsey , 2007 MT 158, ¶ 28, 338 Mont. 19, 162 P.3d 134.
DISCUSSION
¶8 1. Whether the District Court erred when it dismissed this case concluding that it lacked subject matter jurisdiction regarding Landowners' claim preclusion argument.
¶9 Claim preclusion embodies "a judicial policy that favors a definite ***134 end to *134 litigation, whereby we seek to prevent parties from incessantly waging piecemeal, collateral attacks against judgments." Brilz v. Metro. Gen. Ins. Co. , 2012 MT 184, ¶ 18, 366 Mont. 78, 285 P.3d 494 (quoting Baltrusch v. Baltrusch , 2006 MT 51, ¶ 15, 331 Mont. 281, 130 P.3d 1267 ). Claim preclusion bars relitigation of a claim that a party has already had an opportunity to litigate if:
(1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.
Brilz , ¶¶ 21-22 (citations omitted).
¶10 Here, the District Court did not address Landowners' claim preclusion argument because it concluded that it did not have subject matter jurisdiction to do so. We agree with the result of the District Court's decision, but for a different reason. See City of Billings v. Staebler , 2011 MT 254, ¶ 9, 362 Mont. 231, 262 P.3d 1101 (holding this Court will "affirm the district court when it reaches the right result, even if it reaches the right result for the wrong reason").
¶11 Landowners have not satisfied all elements of claim preclusion. First, the issues in the 1984 action and this proceeding are not the same. This Court has held that the identity of issues is the most crucial element of collateral estoppel. Stewart v. Liberty Northwest Ins. Corp. , 2013 MT 107, ¶ 21, 370 Mont. 19, 299 P.3d 820 (citations omitted). Landowners argue the issues are the same because both actions question whether landowners have a right to exclude the public beyond the gate. However, the "mere fact that each action arises from the same transaction does not necessarily mean that they each involve the same issues." Stewart , ¶ 21 (citations omitted). The proceedings involved in the 1984 action are entirely different from the one at issue here. Whereas this case was essentially brought by Landowners in an attempt to challenge the County's decision to deny their 2016 petition for abandonment, the 1984 action was brought by the County to remove a gate from the Road. See Stewart , ¶ 22 (citations omitted) (holding that this Court compares pleadings, evidence, and circumstances surrounding the two actions when determining whether the issues are the same).
¶12 Further, a valid final judgment on the merits was never entered regarding the 1984 action. Landowners assert that the parties'
***135 stipulation to dismiss the 1984 case was a final judgment and argue that the County is barred by claim preclusion from asserting a determination that the gate across the Road is an interference with the public use of the roadway. Although a stipulation to dismiss with prejudice can be considered "the same as a judgment on the merits" for claim preclusion purposes, Tisher v. Norwest Capital Mgmt. & Trust Co. , 260 Mont. 143, 152, 859 P.2d 984, 989-90 (1993), the Stipulation and Order issued on December 10, 1993, contains conflicting language regarding whether the case was dismissed with or without prejudice. As the District Court points out, the first sentence of the Stipulation and Order states "with prejudice," but clearly the actual court order states "without prejudice." And more to the point, in the 1984 oral pronouncement, Judge Wheelis denied the County's request for a temporary restraining order , stating "I will deny your restraining order at this time. That doesn't prejudice you in your case in chief on the issue...." However, the case languished and a final order and judgment was never made.
¶13 Nine years later, the District Court ordered the parties to "show cause, if any there be, why an order should not be entered dismissing this action without prejudice" based on inactivity. Clearly, there is not a final judgment or order that precludes the County from asserting the gate should be removed from the Road. The County is not barred from asserting that the gate should be removed. We affirm the District Court's dismissal of Landowners' claim preclusion argument.
*135 ¶14 2. Whether the District Court was correct when it declined to address Landowners' request for declaratory judgment regarding the legal description of Hughes Creek Road.
¶15 County commissioners have specific authority to "lay out, maintain, control, and manage county roads ... within the county." Sections 7-5-2101, 7-14-2101(1)(a)(i), MCA. Moreover, county commissioners have the authority to grant or deny a petition to establish, alter, or abandon a county road. Sections 7-14-2601-2604, MCA. Following notice and a public hearing, county roads are only abandoned by (1) operation of law; (2) judgment of a court of competent jurisdiction; or (3) the order of the board. Section 7-14-2615(1), (2), MCA.
¶16 It is well settled in Montana's jurisprudence that a district court does not have jurisdiction to independently order the abandonment of a county road. Bd. of Cnty. Comm'rs v. District Court , 203 Mont. 44, 48-49, 659 P.2d 266, 268-69 (1983) ; Lee v. Musselshell , 2004 MT 64, ¶ 27, 320 Mont. 294, 87 P.3d 423. The proper procedure for abandoning a county road requires landowners to file a petition with the Board of ***136 County Commissioners. Section 7-14-2601, MCA. If a petitioner disagrees with the Board of County Commissioners' decision regarding abandonment, the petitioner must seek a writ of review in the district court. Bd. of Cnty. Comm'rs , 203 Mont. at 48-49, 659 P.2d at 268-69. A writ of review may be granted by "the supreme court or the district court ... when a lower tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction of the tribunal, board, or officer and there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy." Section 27-25-102, MCA.
¶17 Here, the District Court declined to address Landowners' claim for declaratory judgment regarding the length of the Road, ruling it did not have jurisdiction without a petition for a writ of review of the 2016 BOCC decision. In its opinion and order, the District Court stated that re-establishing the length of the Road as urged by Landowners would abandon the Road by implication, which cannot be done by a court without a writ of review. Conversely, Landowners allege that their request for declaratory judgment has nothing to do with the 2016 petition and abandonment of the road. We disagree.
¶18 Landowners seek a declaratory judgment that the Road ends at the east edge of Mineral Survey 5898. This same argument was made by Landowners when they petitioned the BOCC for abandonment of the Road in 2016. The alternative declaratory relief and injunction sought would contradict the BOCC's findings of fact that the Road not be abandoned beyond the gate. Either way, Landowners seek an injunction from interfering with their constitutional right to exclude the public from their private property beyond that point.
¶19 Instead of filing a complaint in the District Court, Landowners should have challenged the BOCC's denial pursuant to the statutory requirements for county road abandonment cases. See § 7-14-2601, MCA ; Bd. of Cnty. Comm'rs , 203 Mont. at 48-49, 659 P.2d at 268-69. Landowners argue, though, that their claims are not appropriate for a writ of review because they are not contending that the BOCC exceeded its jurisdiction. However, they essentially are, because they claim that whether a petitioned-for county road ever existed beyond the gate is a mixed question of law and fact that the BOCC had no authority to decide.
¶20 It has long been the practice in Montana to litigate the existence, location, and conditions of a county road through declaratory or quiet title actions. See Sayers v. Chouteau Cnty. , 2013 MT 45, 369 Mont. 98, 297 P.3d 312 (Landowner sought a declaratory judgment regarding whether the entire length of a road constituted a public roadway); Garrison v. Lincoln Cnty. , 2003 MT 227, 317 Mont. 190, 77 P.3d 163 ***137 (Landowner brought an action alleging the county had no interest in a county road that crossed his property); Roe Family, L.L.C. v. Lincoln Cnty. Bd. of Comm'rs , 2008 MT 70, 342 Mont. 108, 179 P.3d 514 (Landowners requested a declaratory judgment that a county road existed between a piece of their property and an existing county road); Galassi v. Lincoln Cnty. Bd. of Comm'rs , 2003 MT 319, 318 Mont. 288, 80 P.3d 84 (Landowners sued a county and others to quiet *136 title to part of a county road that crossed their property and for injunctive relief barring public access to that part of the road); Reid v. Park Cnty. , 192 Mont. 231, 627 P.2d 1210 (1981) (Landowner sought quiet title in a county road crossing his property). However, this case must be distinguished from those cases.
¶21 Here, Landowners attempt to run around the denial of their petition in 2016. By submitting their petition to abandon the road, Landowners voluntarily chose, accepted, and submitted to the BOCC's jurisdiction and committed their road dispute to the statutory process that arises from the statutory abandonment process, including necessary fact-finding. Landowners are now bound to that process, and cannot relitigate these issues in a separate forum.
¶22 A declaratory judgment by the District Court regarding the length of the Road could conflict with the BOCC's denial of the 2016 petition and undermine its statutory authority over the Road. Under these facts, the proper process to invoke the jurisdiction of the courts is through a properly filed petition for writ of review of the BOCC decision. See Bd. of Cnty. Comm'rs , 203 Mont. at 48-49, 659 P.2d at 268-69 ; Lee , ¶ 26.
¶23 Landowners argue this case is distinguishable from previous county road abandonment cases in which this Court declined to address arguments that would effectually abandon a county road. However, the Board of County Commissioners case is very similar to this case. In 1979, landowners filed a petition to vacate a dedicated road right-of-way, also in Ravalli County. In addition, a second group of landowners filed a petition for removal of "road obstructions," and requested that the dedicated right-of-way be opened. In September 1979, following public hearings on both, the BOCC declined to take action on either petition.
¶24 One of the parties filed a civil action in November of 1979. In August 1981, the district court ordered the BOCC to retain the subject land in trust for the public or return it to the land grantors. In response, following a properly noticed public hearing, the BOCC entered findings of fact and denied the petition for vacation of the right-of-way. In June 1982, the district court issued an order holding ***138 the BOCC in contempt for failing to abide by the prior order. The BOCC then filed a petition for a writ of review with this Court.
¶25 The Montana Supreme Court overturned the orders of the district court, reasoning that the "effect of the [d]istrict [c]ourt order was to abandon the road," that the district court did not have original jurisdiction, and the dissatisfied landowners should have petitioned the district court for a writ of review. Bd. of Cnty. Comm'rs , 203 Mont. at 48-49, 659 P.2d at 268-69. This exact point was restated in Lee v. Musselshell . In Lee , this Court held that "the [d]istrict [c]ourt did not have jurisdiction to issue an order that would have effectuated a forced abandonment" of a county road without a writ of review. Lee , ¶ 27. Here, Landowners seek an order that would have the same impact on the Road as that identified in Board of County Commissioners and Lee ; Landowners seek abandonment by implication outside of the abandonment process.
¶26 Landowners petitioned the BOCC to abandon the Road in 2016. However, they did not petition the District Court for a writ of review upon denial of their petition. Thus, Landowners' civil action, filed two and a half months later regarding the length of the Road, was properly dismissed because they failed to follow the proper procedure for county road abandonment cases.
CONCLUSION
¶27 The District Court was correct when it granted the County's motion to dismiss. Landowners did not satisfy all factors for claim preclusion and Landowners failed to follow the proper procedure for seeking review of a BOCC's denial of a petition to abandon a county road.
¶28 Affirmed.
We Concur:
LAURIE McKINNON, J.
JAMES JEREMIAH SHEA, J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.
JIM RICE, J.

Landowners do not appeal the District Court's decision regarding the scope and application of § 7-14-2615(3), MCA, or Landowners' takings claim.