Chief Justice Mike McGrath delivered the Opinion of the Court.
***273 ¶1 Zackary Bugli, Tracy Bugli, Wade Cox, Charlene Cox, and Violet Cox (Landowners) appeal from a Twenty-First Judicial District Court order denying Landowners' Verified Petition for a Writ of Review & Injunctive Relief. We affirm.
¶2 This Court restates the issue on appeal as follows:
Whether the District Court abused its discretion by denying Landowners' petition for a writ of review on the basis that Landowners failed to show the Board exceeded its jurisdiction in the proceedings related to Landowners' petition to abandon a portion of Hughes Creek Road.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 This dispute concerns where Hughes Creek Road, a county road built in 1900, ends and private property begins. Hughes Creek Road begins at its junction with West Fork Road near the confluence of Hughes Creek and the West Fork of the Bitterroot River. Landowners, relying on a map created in 1965 (1965 Map), assert that the county portion of Hughes Creek Road extends roughly nine miles. The Ravalli County Board of County Commissioners (Board) found that Hughes ***274 Creek Road extends roughly twelve miles, and that the historical *401 record, taken as a whole, contradicts the 1965 Map.
The Historical Record
¶4 Hughes Creek Road was built in 1900 to access mining claims held by the Woods Placer Mining Company. The petition creating the county road and an entry in an early road plat book reflect that Hughes Creek Road commenced near the post office in Alta, Montana, and ran east along Hughes Creek for "about twelve miles." Ravalli County (County) initially maintained the full length of Hughes Creek Road with a four-horse team and a County-owned grader. The historical record further evidences that the United States Forest Service (USFS) constructed a trailhead at the end of the road.
¶5 In 1965, the County and USFS entered into an agreement for the maintenance of Hughes Creek Road. The 1965 Map, created in conjunction with the 1965 road maintenance agreement, depicted the end of the county road at the western end of Mining Survey 5883, roughly nine miles from its junction with West Fork Road. In 1981, the County and USFS amended the 1965 maintenance agreement, for which the 1965 Map was created. The amended maintenance agreement stated that Hughes Creek Road was twelve miles long, with 8.4 miles graded and 3.4 miles primitive. The agreement was again amended in 2010, stating Hughes Creek Road was 11.8 miles long, with 7.8 miles graded and 4 miles primitive.
¶6 In the late 1970s, landowners erected a locked gate across Hughes Creek Road at roughly nine miles from the road's junction with West Fork Road, consistent with the point depicted by the 1965 Map as the end of the county road.
¶7 In 1982, landowners on Hughes Creek Road, including Landowners and their predecessors in interest, petitioned the Board for abandonment of the road beyond the gate. The Board denied the petition, found that Hughes Creek Road extended 11.8 miles and provided access to a USFS trailhead and federally-managed public lands, and ordered the gate removed.
¶8 In 1984, the County filed suit seeking removal of two gates across Hughes Creek Road and a temporary restraining order for their removal. While the District Court orally denied the County's request for a temporary restraining order, the case was later dismissed by stipulation, and no final judgment was entered. Bugli v. Ravalli Cty. , 2018 MT 177, ¶¶ 4, 12, 392 Mont. 131, 422 P.3d 131 ( Bugli I ).
¶9 Landowners' current gate obstructs Hughes Creek Road at roughly 8.5 miles from its junction with West Fork Road, whereas the 1965 Map depicts the end of the County Road at roughly nine miles.
***275 Due to their reliance on the 1965 Map, Landowners acknowledged their gate obstructed four-tenths of a mile of the county portion of Hughes Creek Road.
Landowners' 2016 Petition for Abandonment
¶10 On, July 25, 2016, Landowners petitioned the Board to abandon the four-tenths of a mile of Hughes Creek Road between their gate and the exact point depicted by the 1965 Map. Landowners did not want to move their gate or create a new turnaround. Landowners asserted that abandonment affected only the landowners listed in the petition, and that the road, according to the 1965 Map, did "not reach or touch any public land in the area subject to abandonment." As such, the provisions of § 7-14-2615(3), MCA, were inapplicable.
The Board's Denial of Landowners' 2016 Petition for Abandonment
¶11 Upon receipt of Landowners' petition, the Board appointed road viewers and reviewed their report. On January 25, 2017, the Board held a public hearing and considered an extensive historical record, written comments, and public testimony regarding the road. At the hearing's conclusion, the Board made findings of fact and conclusions of law, including that the county portion of Hughes Creek Road was no less than 11.8 miles long and the locked gate was an encroachment on the County's road. The Board additionally found that the portion of Hughes Creek Road Landowners petitioned to abandon provided access to public lands or waters. Because no other road provided substantially *402 the same access to those public lands or waters, the Board concluded it was precluded from abandoning that portion of Hughes Creek Road pursuant to § 7-14-2615(3), MCA. The Board denied Landowners' 2016 petition for abandonment and ordered the gate removed by June 1, 2017.
Landowners' first action: Bugli I
¶12 On April 10, 2017, Landowners filed a complaint for declaratory and injunctive relief in district court. Bugli I , ¶ 6. Landowners specifically sought: (1) a declaratory judgment stating that the County's request that Landowners remove the gate and allow public access was barred by the doctrine of claim preclusion; (2) a declaratory judgment that Hughes Creek Road ended at or near the gate consistent with the 1965 Map; (3) a declaratory judgment regarding the correct construction and application of § 7-14-2615(3), MCA ; and (4) a determination that where Hughes Creek Road was private property beyond the gate, the County's actions constituted an unconstitutional taking requiring just compensation, damages, and attorney fees. Bugli I , ¶ 6. The County filed a motion to dismiss for lack of subject matter ***276 jurisdiction. On June 29, 2017, the District Court granted the County's motion.
¶13 Landowners appealed only their first and second claims to this Court, which upheld the District Court's dismissal of Landowners' complaint. Bugli I , ¶¶ 1, 6. Relying on alternative reasoning, we upheld the decision because Landowners had not satisfied the five elements of claim preclusion. Bugli I , ¶ 11. While Landowners argued that the issues in the 1984 action and Bugli I were the same, this Court disagreed, reasoning that the County brought the 1984 action to remove the gate, whereas Landowners filed suit in Bugli I to challenge the County's decision to deny their 2016 petition for abandonment. Bugli I , ¶ 11. Further, this Court held that no valid final judgment on the merits was ever entered in the 1984 case. Bugli I , ¶ 12.
¶14 In terms of Landowners' second claim requesting a declaratory judgment that Hughes Creek Road ended at or near the gate consistent with the 1965 map, this Court agreed with the District Court that re-establishing the length of Hughes Creek Road could not be done by the court without a petition for a writ of review. This Court held:
By submitting their petition to abandon the road, Landowners voluntarily chose, accepted, and submitted to the [Board's] jurisdiction and committed their road dispute to the statutory process [arising] from the statutory abandonment process, including necessary fact-finding. Landowners are now bound to that process, and cannot relitigate these issues in a separate forum.
Bugli I , ¶ 21. Landowners' proper course of action was to petition the District Court for a writ of review pursuant to § 27-25-102(2), MCA. Bugli I , ¶ 25.
The Current Issue
¶15 On July 31, 2017, while Landowners' appeal in Bugli I was still pending, Landowners filed a petition for a writ of review in District Court. In their petition, Landowners asserted that the Board exceeded its statutory jurisdiction to grant or deny Landowners' petition for abandonment by: (1) failing to consider whether claim preclusion barred the County from seeking removal of the gate; (2) determining that the county portion of Hughes Creek Road extended beyond the gate, and (3) misinterpreting § 7-14-2615(3), MCA. The District Court stayed Landowners' petition for a writ of review pending resolution of Bugli I .
¶16 On July 17, 2018, this Court issued its Opinion in Bugli I , and on July 28, 2018, the County filed a notice of issue asking the District ***277 Court to: (1) lift the stay in this case and determine the issues; (2) deny Landowners' petition for a writ of review; (3) grant the County's motion to dismiss Landowners' claim preclusion argument with prejudice; (4) grant the County's motion for order regarding the Board's authority and findings; and (5) dissolve or set a show cause hearing on the stipulated temporary restraining order.
¶17 On August 9, 2018, the District Court issued the order lifting the stay on the proceedings and denied Landowners' petition for a writ of review and accompanying application for preliminary injunction on the basis that the Board did not exceed its jurisdiction. The District Court determined that oral argument was unnecessary based on its review of the record from the 2016 abandonment proceeding and Bugli I . Additionally, the *403 District Court denied the County's motion to dismiss Landowners' claim preclusion argument as moot and denied the County's motion for an order regarding the Board's authority and findings.
¶18 Landowners appeal.
STANDARD OF REVIEW
¶19 A district court's decision to grant or deny a petition for a writ of review is discretionary. Section 27-25-102(2), MCA. In determining whether to grant or deny a petition for a writ of review, a district court's review of a tribunal or board's decision is limited to whether the tribunal or board exceeded its jurisdiction. Section 27-25-102(2), MCA. A district court's review "cannot be extended further than to determine whether the inferior tribunal, board, or officer has regularly pursued the authority of such tribunal, board, or officer." Section 27-25-303, MCA. A district court cannot employ a writ of review to correct errors made by a tribunal or board acting within its jurisdiction. Burnt Fork Citizens Coalition v. Board of Cty. Comm'rs , 287 Mont. 43, 50, 951 P.2d 1020, 1025 (1997) (citing Buffalo v. Thiel , 213 Mont. 280, 284, 691 P.2d 1343, 1345 (1984) ).
¶20 This Court reviews a district court's grant or denial of a petition for writ of review for an abuse of discretion. Schaefer v. Egeland , 2004 MT 199, ¶ 11, 322 Mont. 274, 95 P.3d 724. A district court abuses its discretion when it acts arbitrarily without conscientious judgment or exceeds the bounds of reason. Schaefer , ¶ 11. This Court reviews a district court's findings of fact for clear error and conclusions of law for correctness. Constitutional questions are reviewed by this Court de novo. State v. Edmundson , 2014 MT 12, ¶ 12, 373 Mont. 338, 317 P.3d 169.
***278 DISCUSSION
¶21 Whether the District Court abused its discretion by denying Landowners' petition for a writ of review on the basis that Landowners failed to show the Board exceeded its jurisdiction in the proceedings related to Landowners' petition to abandon a portion of Hughes Creek Road.
¶22 This matter came before the District Court as a petition for a writ of review. "The purpose of a writ of review is to determine whether [a lower tribunal, board, or officer exercising judicial functions] exceeded its jurisdiction." Schaefer , ¶ 10. A district court may grant a writ of review when (1) a board exercising judicial functions has exceeded the jurisdiction of the board, and (2) there is no appeal or, in the judgment of the court, any plain, speedy, and adequate remedy. Schaefer , ¶ 10 (citing § 27-25-102(2), MCA ).
¶23 The dispositive issue is whether the Board exceeded its jurisdiction. This Court must therefore determine whether the Board's denial of Landowners' petition and conclusion that the county road extended beyond Landowners' locked gate constitutes an exercise of authority beyond the Board's jurisdiction under Montana law.
¶24 Certain Montana statutes confer jurisdiction to the Board to grant or deny petitions to establish, alter, or abandon a county road. Sections 7-5-2101, 7-14-2101(1)(a)(i), -2601 through -2604, -2615(1), (2), MCA. Section 7-14-2101(1)(a)(i), MCA, authorizes the Board to "lay out, maintain, control, and manage county roads ... within the county." "All county roads once established must continue to be county roads until abandoned or vacated by: (a) operation of law; (b) judgment of a court of competent jurisdiction; or (c) the order of the board." Section 7-14-2615(1), MCA.
¶25 It is well settled in Montana's jurisprudence that a district court does not have jurisdiction to independently order the abandonment of a county road. Bugli I , ¶ 16 ; Bd. of Cty. Comm'rs v. Dist. Ct. , 203 Mont. 44, 48, 659 P.2d 266, 268 (1983) ; Lee v. Musselshell Cty. , 2004 MT 64, ¶ 27, 320 Mont. 294, 87 P.3d 423.
¶26 Sections 7-14-2601 through -2604, MCA, describe the proper procedure to petition a board to establish, alter, or abandon a county road. Bugli I , ¶ 16. After receiving a petition satisfying the requirements set forth in §§ 7-14-2601 and -2602, MCA, "the board shall cause an investigation to be made of the feasibility, desirability, and cost of granting *404 the prayer of the petition. The investigation shall be sufficient to properly determine the merits or demerits of the petition." Section 7-14-2603(1), MCA. Petitions requesting ***279 abandonment additionally require the board to give notice and hold a public hearing before abandonment. Section 7-14-2615(2), MCA. After considering the petition and the results of the investigation, the board shall make an entry of its decision and notify landowners adjacent to the road in question. Sections 7-14-2603(3), -2604, MCA.
¶27 Significantly, the board may not abandon a county road or right of way used to provide existing legal access to public land or waters, including access for public recreational use as defined in § 23-2-301(10), MCA, and as permitted in § 23-2-302, MCA, unless another public road or right-of-way provides substantially the same access. Section 7-14-2615(3), MCA. Should a petitioner disagree with the board's decision regarding abandonment, the petitioner must seek a writ of review in district court. Bugli I , ¶ 16 (citing Bd. of Cty. Comm'rs , 203 Mont. at 48, 659 P.2d at 268 ).
¶28 Landowners petitioned the Board to abandon four-tenths of a mile of Hughes Creek Road extending beyond Landowners' gate pursuant to §§ 7-14-2601 and -2602, MCA. By filing this petition to abandon, Landowners necessarily agreed that the gate encroached on a county road. The Board's investigation into the merits of Landowners' petition included appointing road viewers, holding a hearing, and considering the extensive historical record, written commentary, and public testimony regarding the road. The investigation revealed that the county portion of Hughes Creek Road extends 11.8 miles, several miles beyond Landowners' gate. The conditions precedent to the Board's jurisdiction to deny a petition for abandonment were met. Accordingly, the Board denied the petition for abandonment and ordered the removal of Landowners' gate blocking the county road pursuant to its authority under Montana law. Sections 7-14-2603(1), (3), -2604, -2615(1), (2), MCA. Ample evidence in the record supports the Board's decision.
¶29 As noted, Landowners filed a petition for a writ of review, which was denied. On appeal, Landowners specifically argue the Board exceeded its statutory jurisdiction to grant or deny Landowners' petition for abandonment by: (1) failing to consider that claim preclusion barred the County from seeking removal of the gate; (2) determining that the County portion of Hughes Creek Road extended beyond the gate, and (3) misinterpreting § 7-14-2615(3), MCA. This Court addresses each argument in turn.
¶30 The District Court correctly determined not to consider Landowners' claim preclusion argument. In Bugli I , this Court held that Landowners failed to satisfy the five elements of claim preclusion. Bugli I , ¶ 11. For the purposes of this case, the issue has been decided ***280 and the Landowners cannot prove the Board exceeded its authority to deny Landowners' petition for abandonment on that basis.
¶31 Landowners argue that the Board exceeded its jurisdiction because it created a new section of county road without following the proper statutory process for road creation, including compensation for deprivation of private property. The District Court held that Landowners failed to establish the Board improperly created an extension of Hughes Creek Road, noting the historic record to demonstrate that Landowners' argument was "unsupported" and "wholly contradicted by the record."
¶32 The historical record substantially supports the Board's conclusion that Hughes Creek Road is 11.8 miles long. While Landowners rely entirely on the 1965 Map's depiction of the end of the county road to support their argument, the record contradicts the 1965 Map's depiction. Moreover, later amendments to the maintenance agreement, for which the 1965 Map was created, state that Hughes Creek Road is 11.8 miles long, consistent with the Board's findings. The Board was within the scope of its statutory authority to deny Landowners' 2016 petition to abandon four tenths of a mile of Hughes Creek Road because substantial evidence in the historical record supported that the county road extended for several miles beyond the Landowners' gate.
*405 ¶33 While Landowners object that the Board exceeded its jurisdiction by making findings of fact about the historical route of the road, such an investigation is legally required before a Board may abandon a county road. See § 7-14-2603(1), MCA. The Board could not make an informed decision on whether to abandon the small portion of county road without considering the historical record regarding the full length of the road. The Board's findings did not create a new county road, but rather confirmed that Landowners' gate illegally blocked access to an existing county road. The record substantially supports the Board's findings regarding Hughes Creek Road.
¶34 Citing § 26-1-601(1), MCA, Landowners additionally argue for the first time on appeal that Landowners' reliance on the 1965 Map entitles them to a conclusive presumption that the 1965 Map depicts the actual end of the county road. Landowners' reliance on § 26-1-601(1), MCA, is misplaced and, as noted above, their argument fails for numerous reasons. Landowners cannot assert for the first time on appeal that their reliance on an outdated map contradicting the bulk of the historical record entitles them to a conclusive presumption that the 1965 Map represents the incontrovertible end of the county road.
¶35 Finally, Landowners argue the Board exceeded its statutory ***281 jurisdiction to grant or deny Landowners' petition for abandonment by misinterpreting § 7-14-2615(3), MCA. Section 7-14-2615(3), MCA, states:
The board may not abandon a county road or right-of-way used to provide existing legal access to public land or waters, including access for public recreational use as defined in 23-2-301 and as permitted in 23-2-302, unless another public road or right-of-way provides substantially the same access.
¶36 Landowners fail to articulate how the Board misinterpreted the statute. As stated by the District Court:
[T]he record shows that the Commissioners' stated basis for denying the petition is supported by substantial evidence. Hughes Creek Road provides legal access to thousands of acres of USFS land. Hughes Creek Road is the only county road within the Hughes Creek drainage.
Consistent with § 7-14-2615(3), MCA, the Board determined it could not legally abandon the county portion of Hughes Creek Road because it provided the only legal means for public access to the public lands and waters beyond the Landowners' locked gate. Montana law prevents private land owners from blocking public access to public lands and waters through Montana's statutory process for abandoning county roads. Section 7-14-2615(3), MCA. Section 7-14-2615(3), MCA, reflects the notion that Montana's public lands belong to the public and cannot be enjoyed or properly managed where counties have abandoned legal access points in favor of private ownership. The Board properly interpreted and complied with § 7-14-2615(3), MCA.
¶37 The Board determined that Landowners' gate illegally blocked access to an existing county road. The Board's decision thus did not deprive Landowners of any private property for public use. Accordingly, Landowners' constitutional takings and due process arguments are without merit and do not require discussion.
CONCLUSION
¶38 The District Court did not abuse its discretion when it denied Landowners' petition for a writ of review. Landowners failed to meet a statutory requirement for issuance of a writ of review; Landowners failed to show that the Board exceeded its jurisdiction.
¶39 Affirmed.
We Concur:
JIM RICE, J.
JAMES JEREMIAH SHEA, J.
INGRID GUSTAFSON, J.
BETH BAKER, J.
DIRK M. SANDEFUR, J.