ORIGINAL

FILED

06/29/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0369

DA 20-0369

# IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 159

GORDON WILLIAMS, GALE MADLER, TIMOTHY RUSSELL,
JOYCE KELLEY, and SAM BLAYLOCK,

Plaintiffs and Appellants,

v.

STILLWATER BOARD OF COUNTY COMMISSIONERS,

Defendant and Appellee.

FILED

JUN 29 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:   District Court of the Twenty-Second Judicial District,
In and For the County of Stillwater, Cause No. DV-19-27
Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

David K. W. Wilson, Jr., Morrison Sherwood Wilson & Deola, PLLP,
Helena, Montana

For Appellee:

Jacqueline R. Papez, Samuel J. King, Doney Crowley P.C., Helena,
Montana

Nancy L. Rohde, Stillwater County Attorney, Columbus, Montana

Raymond Kuntz, Kuntz Law Office, P.C., Red Lodge, Montana

Submitted on Briefs:  May 26, 2021

Decided:  June 29, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Gordon Williams, Gale Madler, Timothy Russell, and Joyce Kelley (the "Plaintiff Landowners")[1] appeal from the Order on Writ of Review from the Twenty-Second Judicial District Court, Stillwater County, affirming the decision of the Stillwater Board of County Commissioners (the "Board") to abandon a portion of Eerie Drive. The Landowners raise two issues on appeal:

> 1. Did the District Court err in concluding the Board did not exceed its jurisdiction by abandoning a portion of Eerie Drive?
>
> 2. Did the District Court err in concluding the Board adequately documented its decision, as required by the county road abandonment statutes and caselaw?

¶2 We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 This case concerns a dispute about the Stillwater Board of County Commissioners' decision to abandon a portion of Eerie Drive located in Section 29, Township 2 South, Range 20 East, Stillwater County, Montana. Eerie Drive is a short, dead-end county road located outside Columbus, Montana, on the south side of the Yellowstone River in Stillwater County.

¶4 The property owners along Eerie Drive are neighbors who own property located between Highway 78 and the southern bank of the Yellowstone River in Sections 28 and 29, Township 2 South, Range 20 East. David Carse owns a large tract of property on the

---

[1] Sam Blaylock, a plaintiff in the case before the District Court, does not join in the appeal.

southern banks of the Yellowstone River. Timothy Russell and Joyce Kelley ("Russell/Kelley") own a smaller piece of land, surrounded by the Carse property on three sides in the in the southeast corner of the Carse property. John Matovich owns the property south of the Carse and Russell/Kelley properties, extending to Highway 78. Linda Bay owns the riverfront property east of the Carse property. Gale Madler and Gordon Williams ("Madler/Williams") own the property bordering Highway 78 east of the Matovich property and south of the Bay property. Sam Blaylock owns the property east of the Bay and Madler/Williams properties. The point at which the Blaylock, Bay, and Madler/Williams properties meet is referred to as the "common corner."

¶5 Eerie Drive runs northeast from its intersection with Highway 78 through the Matovich and Madler/Williams properties. On the Madler/Williams property the road curves northwest toward the Russell/Kelley property before again turning northeast and running across the southeast corner of the Carse property. The road then continues east through the Bay property, where it is disputed as to whether it ends on the Bay property or continues to the common corner of the Bay, Blaylock, and Madler/Williams properties.

¶6 On or about November 29, 2017, Carse petitioned the Board to abandon the approximately 400-foot portion of Eerie Drive that runs through his property. On January 8, 2018, the Board issued a letter acknowledging receipt of Carse's petition and appointing a County Commissioner and the Clerk and Recorder/County Surveyor for Stillwater County as viewers to investigate the proposed abandonment. The viewers submitted a report, concluding Eerie Drive is not developed or maintained and is being

3

used to access private property. The report included maps and photographs taken by the viewers showing the current condition of the road.

¶7 The Board held public hearings regarding the petition on February 6, February 20, February 27, and March 13, 2018, at which it heard public testimony, reviewed comments submitted in writing, and examined historical documentation of the road. All the Plaintiff Landowners were heard either by appearing at the hearings, filing written comments, or both, during the Board's deliberations. The main contention of the Plaintiff Landowners throughout the proceedings was Eerie Drive runs through the Bay property to the common corner, giving Blaylock and Madler/Williams access to their northern property lines from the county road beyond the portion of the road that runs across the Carse property. Because Blaylock and Madler/Williams had access to their properties from the common corner, they maintained the Board could not abandon the road under § 7-14-2615(4), MCA, without their agreement. Carse maintained Eerie Drive terminates on the Bay property and does not extend to the common corner to provide Blaylock and Madler/Williams with access to their properties. Williams and Russell/Kelley also argued the Russell/Kelley property abutted 125 feet of the portion of Eerie Drive Carse proposed to abandon based on a survey completed in 1975. Carse maintained that portion of road does not touch the Russell/Kelley property, as shown on other historic and modern surveys he provided. Russell/Kelley further opposed the abandonment due to their concern Carse's plans to improve the road would increase the potential for flooding on their property. Carse maintained only two

4

landowners were affected by the abandonment—Carse and Bay. Bay has a recorded easement to cross the Carse property and assented to the abandonment.

¶8 Before the Board were various historic petitions, resolutions, and certificates of survey, which included an 1893 petition to establish and order establishing a public highway "[b]eginning at or near the southwestern corner of the northeast quarter (1/4) of the northeast quarter (1/4) of Section Twenty-Eight (28), Town. 2 South, R. 20 E." and continuing in a southwesterly direction; a 1919 approved petition to abandon a section of a county road "beginning at SW corner of the NE1/4NW1/4 of Section 28, Twp. 2 S - R. 20 E. thence East about 3/4 of mile to present County Road"; a June 4, 1975 Resolution from the Stillwater Board of County Commissioners, stating "the roadway designated as a county road on Plat #171893 is hereby designated and acknowledged to be a county road of the County of Stillwater and State of Montana as the same has been used and considered to be for many years past" and the attached Plat # 171893, surveyed in 1958 and depicting Eerie Drive running from state secondary highway 307 (now Highway 78), not abutting the eastern border of the Russell/Kelley property, and terminating on the Bay property before the common corner; a survey completed in 1975 depicting Eerie Drive abutting the eastern border of the Russell/Kelley property; and additional surveys from 1958, 1979, and 2016 depicting Eerie Drive running through the Bay property up to or past the common corner.[2]

---

[2] The 2016 survey also depicted Eerie Drive as not abutting the eastern border of the Russell/Kelley property. The 1958 and 1979 surveys do not depict that section of the road.

¶9 At a regular meeting of the Board on March 13, 2018, the Board unanimously voted to abandon the approximately 400-foot portion of Eerie Drive crossing the Carse property. At the meeting, Carse "stated he is not trying to block anyone from the north fence line" and agreed to provide an easement across his property to the objecting landowners.

¶10 The Plaintiff Landowners filed suit challenging the road abandonment shortly thereafter, seeking a declaratory judgment the Board's order was invalid. The District Court dismissed the Plaintiff Landowners' complaint, finding the proper remedy for challenging a road abandonment decision of a board of county commissioners is a writ of review. The Plaintiff Landowners then filed the subject suit on June 20, 2019, seeking a writ of review of the Board's decision. The District Court held a hearing on October 17, 2019, on the issue of whether to order production of the Board's records under the writ, which it ordered on October 28, 2019. Following the production of records, the court held a hearing on January 9, 2020, and heard argument from the Plaintiff Landowners and the Board. On April 28, 2020, the District Court affirmed the Board's decision to abandon the road and dismissed the Plaintiff Landowners' petition for a writ of review. This appeal follows.

**STANDARD OF REVIEW**

¶11 A district court's decision to grant or deny a petition for a writ of review is discretionary. *See* § 27-25-102, MCA. The district court's review of the decision of the inferior tribunal, board, or officer on a writ of review is limited to determining whether an inferior tribunal, board, or officer exceeded its jurisdiction or whether the inferior tribunal,

6

board, or officer regularly pursued its authority. Sections 27-25-102(2), -303, MCA. On appeal, our review is limited to the same questions.

## DISCUSSION

¶12  *1. Did the District Court err in concluding the Board did not exceed its jurisdiction by abandoning a portion of Eerie Drive?*

¶13  The Plaintiff Landowners argue the District Court misconstrued the factual evidence in the record and misinterpreted § 7-14-2615(4), MCA, in determining the Board did not exceed its jurisdiction in abandoning a portion of Eerie Drive. Citing *Bugli v. Ravalli County*, 2019 MT 154, 396 Mont. 271, 444 P.3d 399 (*Bugli II*), the Plaintiff Landowners contend the review of whether the Board exceeded its jurisdiction under a writ of review goes to the merits of the Board's decision. The Plaintiff Landowners, thus, contend the District Court erred when it did not consider the substantial evidence the Plaintiff Landowners submitted to the Board that demonstrated Eerie Drive extends to the common corner and part of the abandoned road runs along the eastern border of the Russell/Kelley property. The Plaintiff Landowners contend because substantial evidence demonstrates Eerie Drive extends to the common corner and part of the abandoned road runs along the eastern border of the Russell/Kelley property, the Board could not abandon the road without their agreement under § 7-14-2615(4), MCA, and the District Court erred in determining otherwise.

¶14  Montana statutes empower the Board to grant or deny petitions to establish, alter, or abandon a county road. *See* §§ 7-5-2101, 7-14-2101(1)(a)(i), -2601 through -2604, -2615(1)-(2), MCA. Under § 7-14-2615(4), MCA, "[t]he board may not abandon a county

7

road or right-of-way used to access private land if the access benefits two or more landowners unless all of the landowners agree to the abandonment." To exercise the power to abandon a county road, thus, "necessarily involve[s] a determination of questions of law and fact" whether the county road is used to access private land and whether the access benefits two or more landowners. *See State ex rel. Furnish v. Mullendore*, 53 Mont. 109, 113, 161 P. 949, 951 (1916).

¶15 As the Legislature has not provided for a direct appeal or some other method of judicial review from a county commission's decision whether to abandon a county road, the only avenue for judicial review of such decisions is through an extraordinary writ.[3] *See Lee v. Musselshell County*, 2004 MT 64, ¶ 27, 320 Mont. 294, 87 P.3d 423; *Bugli v. Ravalli County*, 2018 MT 177, ¶ 16, 392 Mont. 131, 422 P.3d 131 (*Bugli I*). The writ of review is an extraordinary remedy. Review under the writ is limited to keeping an inferior tribunal within the limits of its jurisdiction and ensuring that such jurisdiction is exercised with regularity. *See* §§ 27-25-102(2), -303, MCA; *State ex rel. Lay v. Dist. Court, Fourth Judicial Dist.*, 122 Mont. 61, 68-69, 198 P.2d 761, 765 (1948). In cases where the legislature has not provided for judicial review of the proceedings of an inferior tribunal, board, or officer, the writ of review is not a functional equivalent of an appeal. *See Bugli II*,

---

[3] Before 1999, the decision of a board of county commissioners to abandon a county road was a wholly discretionary decision. In 1999, the legislature removed some discretion from boards of county commissioners to abandon county roads by prohibiting boards from abandoning county roads if the roads provide access to public or private lands under certain circumstances. *See* 1999 Mont. Laws ch. 107, § 3 (codified as § 7-14-2615(3)-(4), MCA). In making these changes, the legislature did not provide for additional judicial review of the factual or legal grounds for a board's decision to abandon a county road outside of the writ of review.

8

¶ 19; *Buffalo v. Thiel*, 213 Mont. 280, 284, 691 P.2d 1343, 1345 (1984); *State ex rel. Griffiths v. Mayor of City of Butte*, 57 Mont. 368, 372, 188 P. 367, 368 (1920); 14 Am. Jur. 2d *Certiorari* § 5 (explaining a writ of review "and appeal are distinguishable in that [a writ of review] prevents the tribunal performing or exercising a judicial or quasi-judicial act from exceeding its jurisdiction or the scope of its authority while appeal is aimed at relieving an individual litigant from a mistake in applying the adjective law or is confined to substantial questions of law affecting the merits of the case." (footnotes omitted)).

¶16    A court reviews the record of the lower tribunal, board, or officer on a writ of review to determine whether the body had jurisdiction and kept within it. *State ex rel. Griffiths*, 57 Mont. at 373, 188 P. at 369. As part of this review, we have explained the court inspects the record to determine if the decision is "unsupported by evidence, or the findings are contrary to all the substantial evidence, or the decision below has no evidence to support it." *See State ex rel. Griffiths*, 57 Mont. at 373, 188 P. at 369. The court's review of the evidence is "not for the purpose of weighing it, but to ascertain whether it furnishes any legal and substantial basis" for the decision. *State ex rel. Griffiths*, 57 Mont at 373, 188 P. at 369 (quotation omitted); *see also State ex rel. Lay*, 122 Mont. at 70, 198 P.2d at 766.

¶17    The Board's decision to abandon a portion of Eerie Drive over the objections of the Plaintiff Landowners necessarily required it to determine Eerie Drive did not abut the eastern border of the Russell/Kelley property and the road did not extend to the common corner. The District Court did not err in limiting its review of the record to "whether or not there is sufficient evidence that the Board overstepped its jurisdiction to justify

intruding on the Board's inherent discretion regarding road abandonment decisions." A reviewing court is limited to determining whether the evidence in the record "furnishes any legal or substantial basis" for the decision and may not reweigh conflicting evidence. *See State ex rel. Griffiths*, 57 Mont. at 373, 188 P. at 369. Although the Plaintiff Landowners emphasize the evidence in the record supporting their position, competent evidence supported the Board's decision and provided a substantial basis for its exercise of authority to abandon a portion of Eerie Drive. The 1975 Resolution and attached Plat #171893 showed Eerie Drive terminating on Bay's property before the common corner and multiple surveys included in the record showed Eerie Drive not abutting the eastern border of the Russell/Kelley property. As the District Court noted: "The evidence provided by the Plaintiffs is often unclear and could be subject to multiple interpretations. The Court may not intrude into an area where the Board holds broad discretion without substantially clearer evidence that [it] w[as] acting outside of [its] authorized scope." The District Court did not err in concluding substantial evidence supported the Board's decision.

¶18 *2. Did the District Court err in concluding the Board adequately documented its decision, as required by the county road abandonment statutes and caselaw?*

¶19 The Plaintiff Landowners argue the Board did not adequately document its decision. The Plaintiff Landowners fault the Board for not issuing formal findings of fact to support its decision. They contend our holding in *Bugli II*, ¶ 33, requires a board of county commissioners to issue findings of fact to support its decision to abandon a county road to show compliance with the statutes.

¶20 The Plaintiff Landowners rely heavily on our decision in *North 93 Neighbors, Inc. v. Board of County Commissioners of Flathead County*, 2006 MT 132, 332 Mont. 327, 137 P.3d 557, in which we faulted a board of county commissioners for failing to provide detailed findings of fact to support its zoning decision and explained a board "must equip reviewing courts with a record of the facts it relied upon in making its decision to avoid judicial intrusion into matters committed to [a board's] discretion." *N. 93 Neighbors, Inc.*, ¶ 35. That case in inapposite. Land use and zoning decision-making falls under a different statutory regime, one in which the legislature has provided for broader and more searching judicial review of a board's decision-making. *See, e.g.*, §§ 76-2-110, -227, MCA; *Bryant Dev. Ass'n v. Dagel*, 166 Mont. 252, 256-57, 531 P.2d 1320, 1323 (1975).

¶21 In *Bugli II*, we held a board of county commissioners did not exceed its jurisdiction in issuing findings of fact to support its decision to abandon a county road, but in so holding, we did not conclude the statutes require a board to issue written findings when abandoning a county road. After receiving a petition satisfying the requirements set forth in §§ 7-14-2601 and -2602, MCA,[4] "the board shall cause an investigation to be made of the feasibility, desirability, and cost of granting the prayer of the petition. The investigation shall be sufficient to properly determine the merits or demerits of the petition." Section 7-14-2603(1), MCA. In addition to its investigation of the petition, the board must provide notice and a public hearing before abandoning the road to allow for public

---

[4] The Plaintiff Landowners do not renew their objections to Carse's original petition in this appeal.

11

comment. Section 7-14-2615(2), MCA. The board must make an entry of its decision to abandon the road on the minutes and send notice of its decision by certified mail to all owners of land abutting the road petitioned to be abandoned. Sections 7-14-2603(3), -2604, MCA.

¶22 The record produced by the Board in response to the writ of review adequately documents the Board followed this procedure. The Board appointed viewers to investigate the petition and the viewers submitted their report to the Board. The record shows the Board received historical records, written comments, and public testimony regarding the road. It held multiple public meetings and hearings, to, as the Board explained, "further educate themselves on this road issue" and "review all information received." The Board made its decision to abandon the road on the minutes of its March 13, 2018 regular meeting and sent notice of the decision through certified mail. The Board adequately documented its decision as required under the statutes governing county road abandonment.

## CONCLUSION

¶23 The District Court is affirmed.

_____
Justice

We concur:

_____

_____

12

_____

_____
Justices